SACIA
v.
DE GRAAF.

The defendant's discharge, under the insolvent act of the 3d April, 1811, will not prevent the statute of limitations running against an action of assumpsit, upon a contract made before the act; tho' the money did not fall due upon the contract till after the discharge.

The exceptions in the statute of limitations will not be extended, by obstruction, to cases within the reason, but not within the letter of the exceptions.

Where the plaintiff in the case mentioned proved nothing more than an insolvent discharge, in answer to a plea of the statute of limitations; held, that the Court should have, nonsuited him; and they refusing to do so, error lies upon a bill of exceptions taken to their decision.

SACIA *against* DE GRAAF.

ERROR from the Court of Common Pleas, of the county of *Schenectady*, to reverse a judgment of that Court, rendered on appeal from a Justice's Court. The action was *assumpit*, upon a promissory note by *De Graaf*, the payee, against *Sacia*, the maker. The note was dated the 2d of *March*, 1811, and given for $42,50, payable one year after date, with interest. The suit in the Justice's Court was not commenced till *March*, 1819. The plea was the general issue and the statute of limitations. On the trial, in the Common Pleas, in *November*, 1820, the plaintiff proved the execution of the note. To take the claim out of the statute of limitations, the plaintiff offered in evidence an insolvent discharge of *Sacia*, under the act for the benefit of insolvent debtors, and their creditors, passed *April* 3d, 1811, which had been received as evidence before the Justice. The counsel for the defendant objected to its admission, but the Court overruled the objection, and admitted the evidence; and the discharge was proved, dated *February* 3d, 1812. Here the plaintiff rested his cause. The counsel for the defendant moved for a nonsuit; but the Court overruled the motion, and the counsel for the defendant took a bill of exceptions upon the point. The jury found a verdict for the plaintiff, of fifty dollars, upon which the Court gave judgment.

*S. W. Jones*, for the plaintiff in error. If a Court of Common Pleas improperly refuse to nonsuit, error lies.(*a*) Nothing was produced in evidence to take the case out of the statute of limitations. The evidence should have been of the disability to sue, mentioned in the statute, or a new promise or acknowledgment. In this case, the plaintiff never was under any incapacity to sue, on account of the discharge, which was void. (*Sturges* v. *Crowinshield*, 4 *Wheat.* *Rep.* 122.)

(*a*) *Foot* v. *Sabin*, 19 *John.* 154.

*J. K. Paige,* contra. This case is clearly within the equity of that provision in the statute of limitations, which prevents its running, where there is an incapacity to sue. This statute proceeds upon the presumption of laches.(*b*) Here has been none. The discharge was obtained before the note fell due, and consequently before the statute began to run. The act of 1811, passed with all the requisite formality, and the Courts of the state gave full effect to it ; indeed, they considered themselves bound to do so, till declared void by a paramount authority. · Until the late decisions in the *U. S.* Courts, a prosecution upon this note would have been idle. The statute of limitations only affects the remedy ; the debt still remains due,(*c*) and the act has always been expounded most favourably for the creditor. By the words of the act,(*d*) the six years must elapse *after the cause of action has accrued.* The power of the plaintiff to prosecute, was, in fact, suspended : for all the Courts of justice were shut against him, till within a short time before this suit was brought. His cause of action did not arise within the meaning and spirit of this provision, till the insolvent act of 1811 was declared a nullity.

*Curia,* per SAVAGE, Ch. Justice. The only question which can arise in this case is, whether the defendant's having obtained a discharge, under the insolvent act of 1811, protects the plaintiff from the consequences of not prosecuting within six years. By the 2d proviso to the 5th section of the act of limitations,(*e*) excuses for disability in the plaintiff, are confined to infancy, coverture, insanity, or imprisonment. The only excuse allowed by the statute, arising from the act of the defendant, is his being out of the state when the cause of action accrued. Though the defendant's virtual protection from prosecution by his discharge, produces the same result as his abscence from the state, yet we are not warranted by any rule of construction, in deciding, that every cause which produces the same effect as the one mentioned in the act, comes within it. It is true, that the reason why the absence of the defendant from the state, excuses the plaintiff from prosecuting, is, that the defendant is beyond the reach

of the process of the Courts : and the defendant's discharge placed him equally out of the reach of any recovery against him, till the decision by the Supreme Court of the *United States*, in *Sturges* v. *Crowninshield*. But it is not for the Court to extend the law to all cases coming within the *reason* of it, so long as they are not within the *letter*. Several cases of equal difficulty may be supposed, and have doubtless often occurred, which have never been holden within the exceptions of the statute. Ignorance of the requisite evidence to prove the plaintiff's debt, or a residence of the defendant in some obscure or remote part of the state, unknown to the plaintiff, would suspend his recovery, and sometimes more effectually too, than his residence in a neighbouring state : and yet I believe the statute has never been thought to except these, and the like cases, from its operation. The Court below ought to have nonsuited the plaintiff.

Judgment reversed.( *f* )

( *f* ) It has been decided in *Massachusetts* and *Pennsylvania*, that if the plaintiff's action be for a fraud, or grow out of the fraudulent act of the defendant, the action may be brought at any time within six years next after the fraud is discovered. (*The first Massachusetts Turnpike Corporation* v. *Field et al.* 3 *Mass. Rep.* 201. *Jones* v. *Conoway et al.* 4 *Yeates' Rep.* 109.)