Denio, Ch. J.
A party who has recovered a judgment against another, has a general right to the legal remedy of a writ of fieri facias ; but where there has been such a delay as was suffered in this case, he is obliged to obtain leave of the court, upon an application made upon notice to the judgment debtor. (Code, § 284.) After a delay of five years from the judgment, or from the return of an execution unsatisfied, the law indulges a presumption that the judgment has been paid, released or in some way discharged, and, therefore, the debtor is afforded an opportunity' of being heard before his property is exposed to be seized on the execution. If the motion for leave to issue execution was an appeal to an equitable jurisdiction, there would be reason in saying that the plaintiff should not have the relief asked for until he had paid the judgment debtor whatever he might owe him on any other account; for if the judgment debtor had brought an action on the judgment, the statute of set-off would apply. But, as I have said, the right to an execution is a legal one, if the judgment remains unimpaired. A counter demand of the judgment debtor is not an impeachment of the validity or *377 force of the judgment, whether such counter demand has itself been reduced to judgment or not. There is no strict legal right to set-off in -such cases, for there is no suit pending and undetermined, in which a set-off can be pleaded. Courts of equity have a jurisdiction to compel judgments to be set off; and the same remedy may be obtained by applying to the equitable jurisdiction of the court in which the judgments, or one of them, were obtained. But the party against whom the set-off is sought must have an opportunity to answer. It may be that if called upon, he could show that the judgment which it was desired to set off was no longer in force. There was no application in this case for leave to make the set-off. For aught that appears Martin is quite responsible, and has property subject to levy sufficient to pay the judgments; and if such is his case, there seems to be no reason why he should not be left to pay the judgments against him in the ordinary course of justice, and to have his remedy against his debtor in the same form. If Mr. Carr had shown that he would be prejudiced by the payment of the judgment against him, as, for instance, that his counter judgment could not be collected, on account of the insolvency of Martin, and that he had taken, or was about to take, measures to enforce a set-off of' so much of his judgment as would satisfy the one which Martin had against him, it would, I presume, have been, of course, to suspend the actual issuing of Martin’s execution until such application could be decided. But the denial of the motion without any set-off having been made, or any application for such relief instituted or contemplated, seems to me to have been erroneous. The parties are left precisely where they were, the judgment ,of the moving party being still in force, and yet he is denied the ordinary process provided by law for its enforcement.
I think the order should be reversed.
Rosekrans, J.
The owner of a judgment has a clear right to have an execution issued upon it, after the lapse of five years from the entry of the judgment, by complying with the provisions of section 284 of the Code of Procedure; and of this *378 right he cannot be deprived unless the judgment debtor contradicts the facts which the creditor is required to set forth as the .foundation of the motion for leave to issue an execution. The only inquiry contemplated by the Code, upon an application for leave to issue the execution, is whether the judgment, or any part of it, remains unsatisfied and due. The Court has no. discretion to exercise, if the facts, stated in the moving papers are uncontradicted. The creditor is as much entitled to an execution in that case as he was originally, entitled to his judgment. If the debtor, in opposition to the motion, shows that he is the owner of a judgment against the moving party, the Court may require him to make a motion to set off his judgment against the one upon which an execution is sought to be issued, but it cannot, upon the mere proof of the existence of a judgment against the party, applying for the execution, deny the application of the latter. In the case before us, the assignee of the plaintiff’s judgment had no opportunity to deny the allegation of the deceased, that he owned a judgment against such assignee, nor to show that the amount claimed to be due upon such judgment was not due. The motion of the plaintiff’s assignee was denied, although all the facts upon which it was based were admitted, without giving him an opportunity to controvert the new matter set up in the papers read in opposition to his motion.
The order of the general term affected a substantial right, and is appealable, and, being erroneous, should be reversed, with costs.
All the judges concurring,
Order reversed.