WOODBURY VS. COLLINS SHACKLEFORD and another.

In the construction of statutes of limitation, general words are to have a general operation; and where there cannot be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or retrenchment. No exceptions can be claimed in favor of particular persons or cases, unless they are expressly mentioned.

Under sec. 123, ch. 15, R. S. 1849, where land was sold for taxes in 1844 and 1848, and tax deeds executed and recorded in 1847 and 1851, and the land remained unoccupied for more than three years after such recording, the owner of the original title, at the time of such recording, being a minor, and not having redeemed within one year after becoming of full age, his right of action against the holder of the tax title, to recover possession of the land, was barred.

Section 12, ch. 127, R. S., 1849, which, in providing for the limitation of actions relating to real estate, declares that "if any person entitled to commence any action in this chapter specified * * be, at the time such title shall first descend or accrue, within the age of twenty-one years," &c., "the time during which such disability shall continue, shall not be deemed any portion of the time in this chapter limited for the commencement of such suit * * ; but such person may bring such action * * after the said time so limited, and within ten years after such disability is removed," is not applicable to actions by the former owners of land against tax title occupants; the statutes relative to the sale of lands for taxes prescribing different limitations in such cases.

To constitute a valid offer to redeem land sold for taxes, the money must be tendered to the proper officer *unconditionally*, for the use of the purchaser, his heirs or assigns; and where one of two owners in common tendered the requisite amount to redeem the whole land, but the officer, *at his request*, refused to receive the money, merely to enable him to have his right to redeem the whole of the premises tested by an action against such officer; *Held*, that there was no valid offer to redeem.

ERROR to the Circuit Court for *Dane* County.

The action below was ejectment by *Collins* and *Amelia Shackleford* against *Woodbury*, commenced in February, 1864. Title to the premises vested in Barlow Shackleford, March 14, 1842 ; and he died September 22, 1847, leaving the plaintiffs his sole heirs. Said *Collins* became 21 years of age in June, 1860, and said *Amelia* in September, 1863. *Woodbury's* lessor claimed under tax sales made in 1844, 1848 and 1859 respectively, and deeds executed thereupon in 1847, 1851 and 1862, and recorded shortly after their execution. After these facts had been proven at the trial, plaintiffs introduced, under objec-

tion, evidence of sundry irregularities in the tax proceedings on which the several tax deeds were founded. The clerk of the board of supervisors of said county, as a witness for plaintiffs, testified that on the 21st of January, 1864, *Amelia Shackleford* offered to redeem the whole of the premises in dispute, and that witness refused to receive the money and give a certificate of redemption for the whole of said premises. On cross-examination, he said that the offer was made by plaintiff's attorney, who stated to witness that there might be some doubt whether he had a right to redeem the *whole* of the premises, and he wished to have the question legally settled, and it could be more easily done by witness's refusing to take the money; and for the purpose of having the question settled, witness refused to take it, and this was the only reason he had for doing so : said attorney proposed to test the question by *mandamus* in the Supreme Court, and afterwards served on witness some papers for that purpose. The money was not left with witness. It was proved that the money so offered was afterwards put into a package by itself in the safe of said attorney, and marked, and kept there separate from other money, and that he had it then present in court; but that neither the clerk of the board of supervisors nor any one else had been informed where it was kept.

The court instructed the jury that the tax deeds were impeached by the evidence so that they did not pass title to the defendant; that the plaintiffs' right of action was not barred ; and that if they found that plaintiffs had shown title to the land in question, they should find for them. At the request of defendant, the court further instructed the jury as follows : 1. "If *Collins Shackleford*, at the time the alleged offer to redeem was made by *Amelia Shackleford*, was of the age of twenty-four years, he had lost his right to redeem his interest in the lot, and she could not lawfully redeem any more than her portion." 2. "If the clerk of the board of supervisors refused to take the money offered in redemption solely at the instance

of the agent or attorney of *Amelia Shackleford*, to enable him to institute a suit in court to test her right to redeem the whole lot, and the money was taken away by such agent and kept separate from any other money, but without informing the clerk or any one interested in the premises where they might get it, these facts would not constitute a redemption of the premises." The court refused the following instructions asked by defendant: 1. "If at the time of the recording of the tax deeds dated in 1847 and 1851, the plaintiffs were of the age of twenty-one years, they would be barred from recovering the premises in question, unless they brought their action for the purpose within three years next after the recording of the tax deeds; and the rule is the same as to these plaintiffs, though they were infants at the time of the tax sales, the execution of the tax deeds and the recording thereof, unless within the time allowed by law they made a valid redemption of the premises." 2. "If *Collins Shackleford* lost his right of redemption before *Amelia Shackleford* offered to redeem the lot, and the tax deeds dated in 1847 and 1851 were recorded more than three years before the commencement of this action, then your verdict, under the pleadings in this action, must be for the defendant." 3. "The plaintiffs had no right to redeem from the sale of 1844, if it was made in the lifetime of their ancestor, Barlow Shackleford."

Verdict for the plaintiffs. Motion for a new trial, on the ground of errors in the admission of evidence, and in the instructions to the jury, and also on the ground that the verdict was contrary to law and the evidence. Motion denied; and judgment upon the verdict; to reverse which the defendant took his writ of error.

*Gregory & Pinney*, for plaintiff in error, to the point that the three years statute of limitation was against minors in like manner as against persons of full age, subject only to the minor's right to redeem within one year after coming of age, cited Laws of 1840, p. 40; Laws of 1844, p. 22, sec. 12; R.

S. 1849, ch. 127, sec. 12, and ch. 15, secs. 123, 104; Laws of 1859, ch. 197, and ch. 22, secs. 18–20. Such statutes run against infants unless there is an express exception contained in the act. *Beckford v. Wade,* 17 Vesey, 87; *Bucklin v. Ford,* 5 Barb., 393; *Hall v. Bumstead,* 20 Pick., 2; *Erwin v. Turner,* 1 Eng. (Ark.), 14; *Pryor v. Ryburn,* 16 Ark., 694. 2. *Amelia Shackleford* might have redeemed her share separately. R. S. 1849, ch. 15, sec. 83; Laws of 1859, ch. 22, secs. 18–20. Under such circumstances redemption and payment by her would not enure to the benefit of her co-heir. *Sidle v. Walters,* 5 Watts, 389. The privileges of infancy are purely personal, and no other person can claim any advantage of them. 2 Johns., 279; 5 id., 160; 13 Mass., 237, 371; 10 Serg. and R., 114. If the claims of one of two heirs who are tenants in common, and join to recover the whole estate, is barred, there can be no recovery; but the one whose right is not barred may sue alone, and recover his share. The disability that protects his share is no protection to that of his co-heir. *Moore v. Armstrong,* 10 Ohio, 11; *Bronson v. Adams,* id., 135; *Thomas v. Machir,* 4 Bibb, 412; *Wade v. Johnson,* 5 Humph., 117; *Lewis v. Barksdale,* 2 Brock., 436; *Roe v. Rowlston,* 2 Taunt., 441; *Simpson v. Shannon,* 3 A. K. Marsh., 1266; 2 id., 384; 1 id., 39; R. S. 1849, ch. 111, sec. 9. The question is the same in relation to redemption, as to the bar created by the statute of limitations. A failure to redeem by one creates a bar as to him, and the personal privilege of a co-heir not barred cannot restore the other to what he has lost. *Bronson v. Adams, supra.* As to the objection that the ancestor, at the time of his death, may have been largely indebted, and the real estate redeemed by one heir may all be seized and sold to pay the debts, and such heir be without remedy, unless he is allowed to redeem the whole and cause the interest of his co-heir, who fails to redeem, to be subjected to the burden equally with his own, it will be time enough to dispose of such a case when it actually arises; but the rule so firmly establish-

lished as to the statute of limitations would bring about the same result, should one of the heirs refuse to join to recover the estate, or to sue separately for his share, before his right should be barred. A court of equity would doubtless afford a remedy at the suit of the heir apprehending such a result, against the delinquent and other parties in interest.

*Hopkins* & *Foote*, for defendants in error:

1. The tax deeds of 1847 and 1851 are void on their face, because executed, one in the name of Burdick, instead of the Territory of Wisconsin, (sec. 23, p. 49, Ter. Statutes of 1839); the other in the name of Giles, instead of the county of Dane (sec. 109, ch. 15, R. S. 1849); so that, as the land was vacant for more than three years from the recovery, the statute of limitations did not run. *Lain v. Shepardson,* 18 Wis., 59. 2. The plaintiffs being infants at the time of the recording of the deed, the general statute of limitations then and since in force, exempted them during infancy from its operation. Ter. Stat. 1839, p. 260; R. S. 1849, ch. 127, sec. 12. This action is included in that chapter. Sec. 1. It was a general provision excepting infants from the operation of limitation laws during minority. The general limitation was twenty years, and the legislature afterwards simply provided that in certain cases, to wit, to recover against tax deeds, the suit must be commenced within three years instead of twenty, but does not change the general exceptions by reason of disability, or repeal those provisions expressly or by implication. Then ch. 197, Laws of 1859, provided that such suits in all cases must be brought within three years from that time and not afterwards. That operated to repeal all existing laws. On its repeal in February, 1861, there was no special act in force on the subject, until April 2, 1861, when the act now in force was published. *Osborn v. Jaines,* 17 Wis., 573. But the plaintiffs were not barred under this last act, having brought their action within the time there limited. Counsel also contended that allowing the land

to go to sale again for taxes, and taking a new deed on the subsequent sale, is a waiver of all claim under the old deed.

*By the Court*, DIXON, C. J.    It is a settled principle in the construction of statutes of limitation, that general words are to have a general operation; and unless there can be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or retrenchment.    No exceptions can be claimed in favor of particular persons or cases, unless they are expressly mentioned.    Angell on Limitations, §§ 194, 485, 486, 487 and 488; *Beckford v. Wade*, 17 Vesey, 87 ; *McIver v. Rogan*, 2 Wheat., 25 ; *Demorest v. Wynkoop*, 3 Johns. Ch., 146 ; *Hall v. Bumstead*, 20 Pick., 2 ; *Sacia v. De Graaf*, 1 Cow., 356 ; *Bucklin v. Ford*, 5 Barb., 393 ; *Howell v. Hair*, 15 Ala., 194.

The act of 1849, limiting the time within which actions for the recovery of lands sold for taxes should be commenced, was general, excepting only cases where the taxes had been paid, or the lands redeemed as provided by law.    " Any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid, or the lands redeemed as provided by law, shall be commenced within three years from the time of recording the tax deed of sale, and not thereafter."    R. S. 1849, ch. 15, sec. 123.    There was no express exception in favor of infants, and nothing from which one can be implied ; and the action of the defendants in error, plaintiffs below, was, therefore, barred unless the lands have been redeemed as provided by law ; or unless, as claimed by their counsel, the provisions of the foregoing act were modified by those of the general statute of limitations passed at the same time.    R. S. 1849, ch. 127.

As to redemption, we are clear that none has been made so as to save the right of action to either of the plaintiffs below. Section 104 of the act of 1849 provided that the lands of minors, or any interest which they might have in lands, sold for

taxes, might be redeemed at any time before such minors became of age, and during one year thereafter. Section 102 of the same act prescribed the manner in which redemptions were to be made. It was by paying to the clerk of the board of supervisors of the county where the lands were sold, for the use of the purchaser, his heirs or assigns, the amount for which the same were sold, and all subsequent charges thereon authorized by the provisions of the act, with interest on the amount of purchase money at the rate of twenty-five per cent per annum from the date of the certificate. Like provisions are contained in the act of 1859 now in force. Laws of 1859, ch. 22, secs. 20, 18 and 19. The redemption thus authorized is a mere privilege secured to infants, and unless exercised does not enlarge their rights in any other particular. This was so held in the case of a married woman, which arose under the subsequent clause of the same section. *Wright v. Wing*, 18 Wis., 45. Hence the right of action, so far as it is concerned in this provision, depends upon the fact of redemption. If the plaintiffs below had redeemed within the time prescribed, they could sue; but as they have not, they can maintain no action in opposition to the statute. Instead of paying the redemption money to the clerk of the board of supervisors, or tendering it to him unconditionally, for the use of the purchaser, his heirs or assigns, they offered it to him, at the same time requesting that he should not receive it. He complied with the request, and the money was carried away by the agent who made the offer. Further comment upon this point is deemed unnecessary. It was clearly neither a redemption nor a proper offer to redeem.

As to the case not being within the general limitation law, we have just as little doubt. It was obviously the intention of the legislature to establish one period of limitation for the recovery of lands sold for taxes, and another or others for their recovery in other cases. The section of chapter 127 saving the rights of infants and others under disability, was limited

to actions *in that chapter specified.* Sec. 12. Besides, it was a statutory rule of construction then in force, that if the provisions of different chapters conflicted with or contravened each other, the provisions of each chapter should prevail as to all matters and questions growing out of the subject matter of such chapter. R. S. 1849, ch. 157, sec. 11. The same rule is continued under the present revision, ch. 191, sec. 11.

It follows from these views that the judgment of the circuit court must be reversed, and a new trial awarded.