## SUPREME COURT.

ANN WILGUS, administratrix, and JOSEPH ESTY and BENJA-
MIN G. FERRIS, administrators of the goods, &c., of HENRY
WILGUS, deceased, agt. ABRAHAM M. BLOODGOOD.

Application to this court for leave to issue *execution* on a judgment rendered
therein, need not be made before the lapse of *five years* from the entry of the
judgment. And after the expiration of such five years, leave of the court to
issue execution on the judgment is unnecessary, when execution has been
issued on the judgment *within the five years*, and returned unsatisfied in whole
or in part.

The law of 1850 explicitly authorizes the issuing of execution against a judgment
debtor after the expiration of one year from his death, provided the surrogate
makes an order granting permission to issue such execution; and there is no
provision in that law which requires the owner of the judgment to apply to the
court that rendered the judgment for leave to issue the execution. Reference
must be had to the Code to ascertain when an application should be made to
the court that rendered the judgment for leave to issue execution thereon.
(§ 284.)

The *assignee* of a judgment may take steps to enforce it by execution, unless
some good objection thereto be made on the part of the person or persons who
recovered it.

*Broome General Term.*
*Submitted May,* 1867 ; *decided July,* 1867.
*Present,* MASON, BALCOM *and* BOARDMAN, *Justices.*

APPEAL, by persons interested on the part of the defend-
ant, from an order made at the Tompkins special term, in
January, 1867, granting leave to issue execution on the judg-
ment against the defendant.

The judgment was rendered in favor of the plaintiffs,
against the defendant, on the 13th day of January, 1852, in
this court, for $1,049.84. In March of that year an execu-
tion was issued on the judgment to the sheriff of Tompkins
county, which was returned unsatisfied, except as to the
sum of $59.71. The defendant died intestate, in the county
of Tompkins, in June, 1853, leaving no personal estate.

No part of the judgment has been paid, except the above
mentioned sum of $59.71; in other words, the affidavits
used on the motion do not show that any greater sum has
been paid on the judgment.

Wilgus agt. Bloodgood.

One Titus made the motion for leave to issue execution on the judgment. His affidavit shows he is the assignee of the judgment. He obtained leave of the surrogate of Tompkins county to issue execution on the judgment, in November, 1866, against any lands, tenements, real estate or chattels real, upon which the judgment shall be a lien, either at law or in equity, in the same manner and with the same effect as if the defendant were still living.

Titus claimed that the defendant left real estate in Tompkins county, upon which the judgment was a lien. Notice of his motion *in this court*, for leave to issue execution, was given to the heirs of the defendant, one of whom claims to be equitably entitled to the real estate left by the defendant, and claims to have held such real estate adversely under an equitable title for more than twenty years next before the time Titus made his motion for leave to issue execution on the judgment.

The order appealed from is, "that execution be issued in due form of law upon said judgment for the amount due thereon and interest, against any property, lands, tenements, real estate, or chattels real, upon which such judgment shall be a lien, either at law or in equity, in the same manner and with the same effect as if the said defendant were still living."

WELLS & DONNELLY, *for Titus.*

BEERS & HOWARD, *for heirs of defendant interested in opposing the motion for leave to issue execution.*

*By the court,* BALCOM, J. The law of 1850 confers authority upon the surrogate, after the expiration of one year from the death of a judgment debtor, to grant permission to issue execution on the judgment against any property, lands, tenements, real estate, or chattels real, upon which such judgment shall be a lien, either at law or in equity. (*Laws of* 1850, *ch.* 295, *p.* 639.)

Application to this court for leave to issue execution on a judgment rendered therein need not be made before the

Wilgus agt. Bloodgood.

lapse of five years from the entry of the judgment; and after the expiration of such five years, leave of the court to issue execution on the judgment is unnecessary, when execution has been issued on the judgment within the five years, and returned unsatisfied in whole or in part. (*Code*, § 284.)

If no application to this court were necessary for leave to issue execution on the judgment, in this case, it was prudent for the owner of the judgment to make such an application, and not rest the validity of a new execution on the judgment wholly upon the permission granted by the surrogate. The moving party has followed the suggestion made in *Alden* agt. *Clark* (11 *How. Pr. R.* 209). He gave notice of his application to all persons interested in the estate left by the defendant, and to the occupant and claimant of the real estate he seeks to have sold by virtue of a new execution on the judgment.

The law of 1850 explicitly authorizes the issuing of execution against a judgment debtor after the expiration of one year from his death, provided the surrogate makes an order granting permission to issue such execution; and there is no provision in that law which requires the owner of the judgment to apply to the court that rendered the judgment for leave to issue the execution. (*Laws of* 1850, *p.* 639.) Reference must be had to the Code to ascertain when an application should be made to the court that rendered the judgment for leave to issue execution thereon. (*See Code*, § 284.)

We are unable to see any valid objection to the assignee of the judgment making the application for leave to issue execution on the same. The presumption is that the plaintiffs have assented to the use of their names in the proceedings; for it is not shown that they object thereto. We are of the opinion the assignee of a judgment may take steps to enforce it by execution, unless some good objection thereto be made on the part of the person or persons who recovered it.

It is possible, if not probable, that some person or persons interested on the part of the defendant have a valid claim to

or upon the real estate that Titus expects to sell by virtue of the execution to be issued on the judgment in the case; and I think it is proper that the rights of such person or persons should be protected by the insertion of an appropriate clause in the order in question. For this reason I am of the opinion the order appealed from should be so modified as to be without prejudice to the legal or equitable rights of any person or persons in or to any of the real estate left by the defendant, as such rights may be established in any litigation concerning such real estate. But my brethren are of the opinion the order, as it now is, will not prejudice the legal or equitable rights of any person or persons in or to any of the real estate left by the defendant, though they had notice of the application for leave to issue execution on the judgment, and opposed such application.

The order appealed from is therefore affirmed, with $10 costs.