### No. 233.—C. YALE, JR., & CO. v. J. G. RANDLE & CO.

Any party interested in a judgment may have the same revived by causing the judgment debtor to be cited before the court which rendered the judgment, before prescription has accrued. The restraining of the execution of a judgment by a writ of injunction sued out by the judgment debtor, does not interrupt the current of prescription. If, therefore, more than ten years are allowed to elapse from the date of the rendition of the judgment, without causing the judgment debtor to be cited, the judgment is prescribed.

APPEAL from the Eleventh Judicial District Court, parish of Jackson. *Egan*, J. *James E. Hamlett* and *John Young*, for plaintiffs and appellants. *Richardson & McEnery*, for defendants and appellees.

LUDELING, C. J. This is a suit to revive a judgment obtained on the first of October, 1858. The petition was filed on the second of August, 1870, and on the same day service of "notice of the proceedings" was acknowledged for one of the defendants, and citation was served on the other on the fourth of August, 1870. More than ten years had elapsed between the rendition of the judgment and the institution of this suit, and the judgment was extinguished by the prescription of ten years, which has been pleaded in this case, unless, in the interim the course of prescription had been interrupted by a citation to revive the judgment.

"Hereafter all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgment; *provided, however*, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law to the defendant or his representatives, from the court which rendered the judgment," etc. Acts of 1853, p. 250.

It is contended that inasmuch as the *execution* of the judgment was restrained by an injunction sued out by the defendants, prescription

was suspended during the pendency of that suit, under the equitable maxim, "*contra non valentem agere non currit prescriptio.*" A sufficient answer to this is that prescription is the creature of positive law, which can not be overruled by a principle of equity. The law is mandatory, and courts are bound to obey it. No citation was issued to the defendants, in a suit to revive the judgment, until long after the judgment had been extinguished by prescription.

It is therefore ordered and adjudged that the judgment of the court *a qua* be affirmed, with costs of appeal.