Sutton, J.
This is a motion • for leave to issue execution upon a judgment. On July 17, 1865, plaintiff recovered a judgment in his favor against defendant, before D. G-illmore, a justice of the peace in said county, for the sum of $92.66. On January 29, 1866, a transcript thereof was filed and judgment docketed in Oneida county clerk’s office. No execution was ever issued thereon. No part of said judgment has been paid. The proceeding was commenced by the service of an order to show cause, January 8, 1881.
The motion is resisted on the ground, 1st. That, under the Code of Civil Procedure, no provision has been made for motion for leave to issue execution upon a justice’s judgment, and such leave cannot be granted.
2d. That the motion is barred by the statute of limitations.
3d. That if the power exists, its exercise is in the discretion of the court, and the motion should be denied.
4th. That the demand is stale and the court should not assist in its enforcement.
Defendant’s first point is not tenable. A justice’s judgment, after transcript filed, “is deemed a j udgment of the county court of that county, and must be enforced accordingly” (Code Civ. Pro. § 3,017).
The effect of this language is to clothe the county court with the same powers over such a judgment, so far, at least, as its enforcement is concerned, as if it were rendered originally in that court (Lyon v. Manly, 18 How. Pr. 267). Sections 1,377 and 1,378 of the Code of Civil Procedure relate to executions issuing out of the county court as well as out of other courts.
The second point requires examination. Under the law in force at the time this judgment was recovered *317 before the justice and the transcript thereof filed in the clerk’s office of the county, it became “a judgment of the county court” (Code of Pro. § 64), and might have been enforced by action and execution at any time within twenty years thereafter (Conger v. Van Dewater, 1 Abb. Pr. N. S. 126; Delevan v. Florence, 9 Abb. Pr. 277).
The provisions of the present Code upon this subject make no change in the law. “A justice of the peace . . . must . . . deliver ... a transcript of the judgment. The county clerk . . . must . . . docket the judgment . . . Thenceforth the judgment is deemed a judgment of the county court of that county and must be enforced accordingly . . (Code Civ. Pro. § 3,017).
There is no distinction between the meaning of the expressions used in the two acts which affects the status of this judgment. Without considering the question whether this judgment and the remedies for enforcing it are governed by the old or new Code, the result is equally opposed to defendant’s position. The draftsman of the new statute sacrifices brevity and terseness to exactness of expression. A judgment recovered before a justice of the peace is not a judgment of the county court, but it is a judgment of the justice of the peace. The same modus operandi is gone through with under both codes. The Code of Procedure says that after the acts done, the judgment “is a judgment of the county court.” The Code of Civil Procedure says it is deemed a judgment of the county court. The status of the judgment, after transcript filed, is the same in both cases. If the law deems it a judgment of the county court, it .makes little difference what in fact it is.
“A judgment or decree for a snm of money or directing the payment of a sum of money . . . heretofore or hereafter rendered in a court of record, within *318 the United States or elsewhere, is presumed to be paid and satisfied after the expiration of twenty years from the time when the párty recovering it was first entitled to a mandate to enforce it. This presumption is conclusive except,” &c. (Code Civ. Pro. § 1,376).
This section, by its terms, covers judgments recovered both before and since it took effect, September 1, 1877. Two years after September 1, 1877, are given in which to begin suit, or rather proceeding, in case the same are not barred September 1, 1877, by the law in force immediately prior thereto (Code Civ. Pro. 414, subd. 3).
The judgment in question is either a judgment rendered or is deemed a judgment rendered in the county court, a court of record. It makes no difference which. The filing of a transcript and the consequent docketing of the judgment in the county clerk’s office, is as much rendering a judgment as the filing of a judgment roll upon default, and the consequent docketing of the judgment thereon. Section 376 of the Code of Civil Procedure therefore governs, and is the statute of limitations applicable to judgments of justices of the peace after transcript filed, and subdivision 7 of section 382 is confined to judgments of courts not of record, prior to the filing of transcripts thereof, by which they either became, or are deemed to be judgments of a court of record. It cannot be that the language of subdivision 7of section 382, “an action upon a judgment or decree rendered in a court not of record,” has any application to a judgment of such a court after it is deemed to be a judgment of a court of record.
Granting that I am in error as "to the proper construction and application of section 382, the language of subdivision 7 is not broad enough to cover this application, although held effectually to bar an action founded on the judgment.
“The statute of limitations acts only upon the rem *319 edy, it does' not impair the obligation of a contract, or pay a debt, or produce a presumption of payment, but is merely a statutory bar to a recovery” (Johnson v. A. & S. R. R. Co., 54 N. Y. 416; Hendricks v. Comstock, 12 Ind. 238; Carson v. Hunter, 46 Mo. 467; S. C., 2 Am. R. 529 ; Bentick v. Franklin, 38 Tex. 458 ; Brilchett v. Davis, 21 Pick. 410; Dichel v. Cavillo, 42 Col. 493; McElmoyle v. Cohen, 13 Pet. 312). Remedies and cases within the reason if not within the letter of the statute, are not affected by it (7 Wait Act. & Def. 225, and cases cited; Sacia v. De Grapp, 1 Cow. 356; Demarest v. Wyncoop, 3 Johns. Ch. 129 ; Bank of Alabama v. Dalton, 9 How. U. S. 522; Troupp v. Smith, 20 Johns. 33).
A perusal of the cases cited will abundantly prove that exceptions not expressed in the statute cannot be construed into it. Remedies not expressly named are not barred. A pledgee may retain the property pledged and make it produce satisfaction of the debt, notwithstanding the debt is barred by the statute (Spears v. Harley, 3 Esp. 81; Jones v. Merchant’s Bank, 4 Robt. 221).
A mortgagee may foreclose his mortgage though the debt be barred (Pratt v. Huggins, 29 Barb. 277).
The lien of a justice’s judgment, a transcript of which is filed, is not destroyed or impaired by the statute of-limitations against an action founded on the judgment (Waltermire v. Westover, 14 N. Y. 16). Section 382 bars only an action upon a judgment or decree of a court not of record.
Under the principles to be deduced from the above cited cases, subdivision 7 of section 382 does not bar a motion for leave to issue an execution. It may well be that the legislature should intend that a judgment recovered before a justice, a transcript of which was filed, might be enforced by execution at any time within twenty years, but may not be subject of another *320 action after six years. An execution on a justice’s judgment, a transcript of which is not filed, cannot be issued after five years (Code Civ. Pro. § 3,024).
If the presumption of payment prescribed by sec- . tion 376 of the Code of Procedure does not apply to a justice’s judgment, a transcript of which has been filed in the county clerk’s office, and subdivision 7 of section 382 bars only an action, it may be that there is no statutory provision to prevent the collection of such a judgment by means of execution at any time. This result bears strongly in support of the conclusion we have put upon the sections of the Code above mentioned, viz., that by the words “a justice’s judgment or a judgment of a court not a court of record,” is meant the judgment prior to the filing of a transcript, and filing of a transcript is equivalent to recovering a judgment in the county court upon the judgment of the court not of record. Such filing, as well as action upon the judgment, must be within six years (Lewis v. Acker, 7 Weekly Digest, 169).
In this case of Lewis v. Acker, however, Judge Daly seems to have overlooked subdivision 3, section 414 of the Code of Civil Procedure. The filing of the transcript was in time to preserve the judgment, if done prior to September 1, 1879.
As to the third point, that the granting of leave to issue execution is discretionary with the court. Sections 1,377 and 1,378, Code of Civil Procedure, are a substitute for section 284 of Code of Procedure. Under the latter section, the right to the execution was a legal one if the judgment was unimpaired, if it remained unsatisfied and due (Betts v. Garr, 26 N. Y. 383). Sherman v. Strauss, 52 N. Y. 404, is not fully in harmony with the latter case ; but in that case the facts were disputed, and, as the court held, more properly triable by jury than by affidavits. They say the court below was right on the merits, but the order *321 was discretionary. In a case where the facts are undisputed, and the remedy of the plaintiff by action more doubtful, we prefer to follow Beltz v. Garr, supra.
Under section 1,378, it must be proved “ to the satisfaction of the court that the judgment remains wholly or partly unsatisfied.”
The court cannot say that it is not satisfied with uncontradicted proof by affidavit that nothing has ever been paid upon the judgment. Stress has been laid upon the word “satisfied.” We regard it as meaning an equivalent for the judgment. That equivalent may be its payment in any of the various modes by which a debt may be paid ; and also its cancellation by conclusive presumption of law. No payment is claimed, and the presumption of payment from lapse of time does not arise until twenty years after the filing of transcript and docketing judgment in the county clerk’s office. There is no force in the common law doctrine of the reluctance of courts to enforce stale demands. All the principles of this doctrine are merged in the statute of limitations and it furnishes the rule by which courts act. Leave is granted plaintiff to issue execution upon the judgment, without costs.