# WILLIAM H. BALDWIN, APPELLANT, *v.* WILLIAM ROBERTS, RESPONDENT.*

*Justice's Court — has no jurisdiction over an action brought upon one of its judgments which has been made, by the filing and docketing of a transcript thereof, a judgment of the County Court — Code of Civil Procedure, secs.* 1913, 3017.

The filing and docketing of a transcript of a justice's judgment in the county clerk's office makes it the judgment of the County Court; and no action can thereafter be brought upon it in a Justice's Court, as it is required by section 1913 of the Code of Civil Procedure that the order granting leave to bring such an action shall be made by the court in which such action is to be brought, and that court has no power to grant leave to bring an action upon a judgment of a County Court.

APPEAL from a judgment of the County Court of Chemung county reversing a judgment of a justice of the peace.

This action was commenced in a Justice's Court by personal service of the summons on the defendant on the 19th day of January, 1881. On the return day plaintiff complained on a justice's judgment between the same parties. The defendant claimed that the court had no jurisdiction for the reason that the judgment sued on was a judgment of a court of record, and that leave of the court to bring the action had not been obtained. The plaintiff was sworn and admitted that he had filed a transcript of the judgment in the Chemung county clerk's office, and had issued an execution thereon to the sheriff of Chemung county. Judgment was rendered for the plaintiff and the defendant appealed to the County

---

* Decision handed down July, 1883, as also the succeeding cases to and including the case of *Bloomer* v. *McInerney* ending on page 204.

Court. There the judgment was reversed, and from that judgment of reversal this appeal is taken. .

*Erastus P. Hart*, for the appellant.

*Edgar Denton*, for the respondent.

BOARDMAN, J.:

In the County Court it was conceded that the plaintiff ought not to have recovered, if the judgment of the justice sued upon had been made a judgment of the County Court by the filing of a transcript, because no leave of the County Court had been given. The only question presented to the County Court was the sufficiency of the evidence of the filing of a transcript in the county clerk's office, so as to make the judgment one of the County Court. We agree with the learned county judge in his opinion on that subject. The evidence given by plaintiff was within the issue and in the absence of objection constituted *prima facie* evidence of the due and proper filing of the transcript. The plaintiff did all he could to make it a judgment of the County Court. An execution was issued and put in the hands of the sheriff of the county. It is only left to be presumed that the county clerk did his duty with the transcript left with him by the plaintiff in docketing the same, as the law requires. (*Harwell* v. *Root*, 19 Johns., 345; *Leland* v. *Cameron*, 31 N. Y., 115.) Such presumption will be indulged where the fact, as in this case, is not jurisdictional.

Apparently in this court for the first time, it is now urged that no leave is necessary under the Code of Civil Procedure. Such leave is conceded to have been necessary under section 71 of the old Code. Has it been changed?

Section 1913, Code of Civil Procedure, prohibits the bringing of an action upon a judgment for a sum of money rendered in a court of record of the State, except where otherwise provided, unless "the court in which the *action is brought* has previously made an order granting leave to bring it." The present action is brought in a Justice's Court which has not and cannot make an order granting leave to bring it. It could not, therefore, have been contemplated that leave should be asked of a Justice's Court. If it be held that a transcript filed makes the judgment a judgment of

the County Court and that the justice's judgment is merged in or extinguished thereby under section 3017, then it must follow that a Justice's Court has no jurisdiction to sue over a judgment of the County Court under sections 2862, 3154. (*Lyon* v. *Manly*, 10 Abb., 337). Leave granted by the County Court would not answer ·because it is not " the court in which the action is brought" or to be brought. (Sec. 1913.) Under section 63 of the old Code, it was held that the filing of a transcript made it a judgment of the County Court. (*Lyon* v. *Manly*, *ante* ; *Kincaid* v. *Richardson*, 9 Abb. N. C., 315.) The change in section 3017, Code of Civil Procedure, is trivial, and the same construction must be given it. It would seem to follow that the Justice's Court had no further jurisdiction over its judgment. · It has ceased to be the judgment of the Justice's Court and it has become the judgment of the County Court, " rendered in a court of record " for a sum of money. In such case the judgment cannot be sued over without leave of the court in which the action is brought. Such leave has not been obtained.

It being, by the filing of a transcript, a judgment of a court of record, a Justice's Court is not given jurisdiction to entertain an action in it. (Secs. 2862, 3154 ; 1 Wait's L. & Pr., 598, 599.)

The changes in the Code have not taken away the necessity for leave to be obtained to sue over a County Court judgment entered upon filing a justice's transcript. But inasmuch as the leave must be granted by the court in which it is proposed to bring the action such leave must be granted and such action brought either in the County Court or in the Supreme Court.

It follows that the Justice's Court had no jurisdiction to render the judgment appealed from upon the pleadings and facts presented and that the decision of the County Court in reversing the same was correct.

Judgment of County Court reversing the judgment of the Justice of the Peace affirmed, with costs.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment of County Court affirmed, with costs.