AMY and another *v.* CITY OF WATERTOWN.

*(Circuit Court, W. D. Wisconsin. August 26, 1884.)*

STATUTE OF LIMITATIONS.

    Courts cannot ingraft on statutes of limitations exceptions not clearly expressed; and where the language of the statute is perfectly clear, it is the duty of the court to enforce the law as it finds it.

At Law.

*Finches, Lynde & Miller*, for plaintiffs.

*Daniel Hall* and *Geo. W. Bird*, for defendant.

BUNN, J. This is an action brought upon three several bonds and interest coupons issued by the city of Watertown, June 1, 1856, to

the Milwaukee & Madison Railroad Company. The bonds became due January 1, 1877, and the summons was issued on June 19, 1883. To avoid the plea of the statute of limitations, which would otherwise appear on the face of the complaint to have run upon the bonds and coupons, the plaintiff sets out at considerable length facts which it will not be necessary to recite here in detail, but which are intended to show that the plaintiffs have been prevented from bringing their action sooner by the fraudulent action of the officers of the defendant city, and especially of the mayor and common council in assembling together, after their election in each year and transacting some necessary business for the city in a secret place, with closed doors, unknown to the plaintiffs, and the people at large, and with persons on watch to inform them of the approach of any person, and then filing their resignations, which, by law, took effect immediately. In brief, that the plaintiffs have used due diligence to obtain service of the summons, but have been prevented by the fraudulent acts of the officers of the defendant city. The defendant denies these allegations, and, as a separate defense, sets up the statute of limitations, to which plea the plaintiffs demur, and the question is whether these facts take the case out from the operation of the statute. The limitation applicable to the case is found in section 1, *c.* 53, Gen. Laws Wis. 1872, which is as follows:

"No action brought to recover any sum of money on any bond, coupon interest warrant, agreement, or promise in writing, made or issued by any town, county, city, or village, or upon any installment of the principal or interest thereof, shall be maintained in any court unless such action shall be commenced within six years from the time when such sum of money has or shall become due. ＊ ＊ ＊"

There are several exceptions to the operation of the statute contained in the laws of Wisconsin; as, (1) when the defendant is out of the state; (2) when defendant is an alien subject or a citizen of a country at war with the United States; (3) when the person entitled to bring the action is under age, or insane, or imprisoned on a criminal charge; (4) where the commencement of an action has been stayed by an injunction or statutory prohibition. It is also provided that, where the action is for relief on the ground of fraud, the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. It is not claimed that the exception to the statute relied upon by the plaintiff in this case is found in the statute itself, and the question is whether there are any exceptions not provided in the statute that can be recognized by the court. In examining a great many adjudged cases upon similar statutes, I find the prevailing ruling to be that, the language of the statute being general, it must receive a general construction. Perhaps it would be more logical to say that, the language of the statute being perfectly clear, it is wholly unnecessary to call in the aid of construction to ascertain its meaning; and that it is

the duty of the court to enforce the law as it finds it, and not to undertake to ingraft upon it exceptions and conditions that the legislature has not seen fit to put into it. The law is clear and intelligible, and by its express terms applies to all cases not falling within one or other of the excepted cases. It should, therefore, be faithfully applied by the courts, so as to make the statute, which is one of repose, uniform and certain in its operation, and not made to depend upon the decision of some complicated issue of fact or of fraud, created by the pleadings, foreign to the purposes of the law. If the court can put one exception into the statute not found there, it can more; and no litigant could know with any certainty whether his case would fall within the statute or not. And the duty of the court is rendered all the more certain, if that were necessary, by the fact that certain express exceptions are contained in the statute, which is a clear implication against any other exceptions being made.

The inquiry under a plea of the statute of limitations is always properly limited to a few simple topics; as, (1) When did the cause of action arise? Manifestly, in a case like this, when the bond or coupon fell due and was not paid, though it is claimed by the plaintiffs that it did not arise so long as the plaintiffs were prevented by the action of the defendant's officers from getting service on the mayor. By the same contention, if the maker of a note should conceal himself for a week after his note fell due, so that summons could not be served upon him, the cause of action would not arise until he should come out from his hiding-place so that service could be had. Nobody is capable of maintaining such a proposition. (2) How long a period has elapsed from the time the cause of action arose to the time when suit was commenced? By limiting the inquiry to these simple questions, which was no doubt the intention of the legislature, the application and operation of the statute is made certain and uniform, and its effect salutary. See the following cases: *Dupleix* v. *De Roven*, 2 Vern. 540; *Hall* v. *Wybourn*, 2 Salk. 420; *Beckford* v. *Wade*, 17 Ves. 87; *Hunter* v. *Gibbons*, 1 Hurl. & N. 459; *Brown* v. *Howard*, 4 Moore, 508; *Imperial Gas-light & Coke Co.* v. *London Gas-light Co.* 18 Jur. 497; S. C. 2 C. L. Rep. 1230; *McIver* v. *Ragan*, 2 Wheat. 25; *Bank of the State of Alabama* v. *Dalton*, 9 How. 522; *Bowman* v. *Wathen*, 1 How. 189; *Kendall* v. *U. S.* 107 U. S. 123; S. C. 2 Sup. Ct. Rep. 277; *Wood* v. *Carpenter*, 101 U. S. 135; *National Bank* v. *Carpenter*, Id. 567; *Andreae* v. *Redfield*, 98 U. S. 225; *Leffingwell* v. *Warren*, 2 Black, 599; *Gaines* v. *Miller*, 111 U. S. 395; S. C. 4 Sup. Ct. Rep. 426; *Fisher* v. *Harnden*, 1 Paine, C. C. 61; *U. S.* v. *Maillard*, 4 Ben. 459; *U. S.* v. *Muhlenbrink*, 1 Woods, 569; *Cocke* v. *McGinnis*, Mart. & Y. 361; *York* v. *Bright*, 4 Humph. (Tenn.) 312; *Miles* v. *Berry*, 1 Hill, (S. C.) 296; *Howell* v. *Hair*, 15 Ala. 194; *Arrowsmith* v. *Durell*, 21 La. Ann. 295; *Yale* v. *Randle*, 23 La. Ann. 579; *Somerset Co.* v. *Veghte*, 44 N. J. Law, 509; *Coleman* v. *Willi*, 46 Mo. 236; *Callis* v. *Waddy*, 2 Munf. 511; *Conner* v. *Goodman*, 104 Ill. 365;

*State Bank* v. *Morris,* 13 Ark. 291; *Fee* v. *Fee,* 10 Ohio, 469; *Favorite* v. *Bookher's Adm'r,* 17 Ohio St. 548; *Smith* v. *Bishop,* 9 Vt. 110; *Peoria M. & F. Ins. Co.* v. *Hall,* 12 Mich. 202; *Troup* v. *Ex'rs of Smith,* 20 Johns. 33; *Leonard* v. *Pitney,* 5 Wend. 30; *Demarest* v. *Wynkoop,* 3 Johns. Ch. 129; *Sacia* v. *De Graaf,* 1 Cow. 356; *Bucklin* v. *Ford,* 5 Barb. 393; *Woodbury* v. *Shackelford,* 19 Wis. 55; *Lindsay* v. *Fay,* 28 Wis. 177; *Enching* v. *Simmons,* Id. 272.

The plea of the statute of limitations is held good, and the demurrer to it overruled. The plaintiffs will be allowed 20 days in which to file such new or further pleading as they may be advised is proper, or in default thereof judgment will go for the defendant.