In the Matter of the Application for Leave to Issue Execution Pursuant to Section 653 of the Civil Practice Act, by ALEXANDER SCHAIE, Appellant, as Assignee of the Judgment Obtained by REXTON REALTY COMPANY, against SIMON ZUCHTMAN, Respondent, and NATHAN RANDELL.

First Department, December 15, 1922.

**Executions — application by assignee of judgment entered more than five years before for leave to issue execution — assignee not required to prove that debtor has property — Civil Practice Act, § 653, applied.**

An assignee of a judgment, which was entered more than five years before an application for leave to issue execution, is not required on his application under section 653 of the Civil Practice Act to prove that the debtor has property from which the judgment may be satisfied in whole or in part.

APPEAL by Alexander Schaie from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of October, 1922, denying his motion for leave to issue execution.

*Meyer Levy,* for the appellant.

No appearance for the respondent.

PAGE, J.:

On March 3, 1911, in an action in the Supreme Court, wherein the Rexton Realty Company was plaintiff and Simon Zuchtman and others were defendants, a judgment was obtained in favor of the plaintiff against Zuchtman and one Randell for the sum of $1,544.49. Judgment was duly docketed, but no execution was issued thereon. On September 18, 1922, the judgment was duly assigned to Alexander Schaie who moved for leave to issue an execution pursuant to section 653 of the Civil Practice Act, alleging that, while the defendant Zuchtman had no tangible property upon which the execution could be levied, he did have certain intangible property that could be reached by supplementary proceedings, and alleging that the judgment had not been paid.

Notice of this application was served on Zuchtman, and he appeared and denied that he had any leviable property, and specifically denied that he had any bank account. The learned justice at Special Term denied the application, on the ground that the papers did not show that Zuchtman had property that could be levied upon by execution. In my opinion this was error.

The reason that a judgment creditor, who has neglected for more than five years to issue an execution upon a judgment, is required to apply to the court, is that by the delay a presumption that the judgment has been paid arises. If a judgment has not been paid, the judgment creditor has a right to enforce it by execution and proceedings supplementary thereto. It is not necessary that he should demonstrate in advance that he would be able to collect under the judgment. He has a right to exhaust his legal remedy.

The purpose of the section of the Code of Civil Procedure (§ 1378) from which section 653 of the Civil Practice Act is derived, is discussed in *Betts* v. *Garr* (26 N. Y. 383).

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, GREENBAUM and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.