# DRIGGS *a.* WILLIAMS.

*Supreme Court, First District; At Chambers, July,* 1862.

SUPPLEMENTARY PROCEEDINGS.—STATUTE OF LIMITATIONS.—PRE-SUMPTION OF PAYMENT.

The order for the examination of a judgment-debtor in supplementary proceedings is a substitute for a creditor's bill, and is in all its essential features equivalent to a new suit.

The presumption of the payment of any judgment, after the lapse of twenty years, created by 2 Rev. Stat., 301, § 47, does not operate to abate supplementary proceedings upon such judgment instituted before the twenty years have expired.

Motion to set aside an order for the examination of a judgment-debtor in supplementary proceedings.

The judgment was for costs on dismissing the bill in a suit in chancery, brought by Seth Driggs against Samuel B. Williams. Decree was entered June 8th, 1842, and the money judgment remained unsatisfied of record. On June 6th, 1862, defendant

obtained an order for the examination of the judgment-debtor in supplementary proceedings, and delivered it to the sheriff for service on the same day. The order was served on the judgment-debtor on June 8th.

*John Sessions,* for the motion.—I. The order ought to be set aside as upon a judgment paid subsequent to the issuing of the order, and simultaneously with its service. (*Code,* § 92 ; 2 *Rev. Stat.,* 301, § 47.)

II. This is in no sense a proceeding to revive the judgment, but merely to enforce its execution. It is not the commencement of an action within any of the provisions of law, and precludes the judgment-debtor from the exercise of a constitutional right to take issue upon the validity of the judgment and a trial by jury of that issue.

*William S. Sears,* opposed.—The present proceeding is a substitute for the creditor's bill, and if the creditor's bill had been filed on the 6th and subpœna issued on that day and in good faith put in the hands of an officer to be served, the judgment could not have been barred by the statute. (*Code,* § 99.)

CLERKE, J.—It has been generally, and I think correctly, held that an order for the examination of a judgment-debtor is not a mere process like the execution to enforce satisfaction of the judgment. It is not based upon the judgment alone but on a presentation of new facts which the plaintiff must prove to entitle him to the relief he seeks. It is, in short, in all respects, a substitute for a creditor's bill, and is, in all its essential features, equivalent to a new suit.

If, then, the institution of a new suit (a creditor's bill), would stop the operation of the statute presuming payment of a judgment at the expiration of twenty years, this proceeding, by a parity of reasoning, produces the same effect. The order in this case was issued and served before the expiration of that period, and, consequently, the presumption of payment cannot be entertained. The defendant must submit to an examination. The plaintiff's affidavits undoubtedly contain impertinent matter which must be expunged. Indeed, as it is not necessary to consider the question for which the respective affidavits were

presented, both parties are at liberty to withdraw them ; otherwise the objectionable matter in plaintiff's affidavits must be expunged.

Motion denied.