## Campbell *v.* Eben.

*(City Court of New York, Special Term.　July 17, 1888.)*

Execution—Supplementary Proceeding—When Debtor may be Examined.

Before the enactment of Code Civil Proc. N. Y. § 2435, which provides that a judgment debtor may be examined in supplementary proceedings only within 10 years after return of an execution unsatisfied, the right to such examination was barred only at the end of the 20 years' life of the judgment.　Section 3352 provides that no right previously accrued shall be impaired, unless expressly so declared, which is not the case as to supplementary proceedings; and that prior statutes shall be deemed to remain in force, so far as necessary for enforcing or protecting such right, notwithstanding the repeal thereof.　*Held,* that the latter section saved the right of a judgment creditor, on whose judgment execution was returned unsatisfied, prior to the enactment of the former section, to have the debtor examined at any time during the 20 years.

On motion to vacate an order to examine F. Q. Eben, a judgment debtor, in proceedings supplementary to an execution issued in February, 1874.

*R. H. Channing,* for plaintiff.　*A. L. Sanger,* for defendant.

Pitshke, J.　"Creditors' bills" could be brought at any time after return of execution unsatisfied.　*McElwain* v. *Willis,* 9 Wend. 560.　"Supplementary proceedings," under the old Code of Procedure, § 292, could be also instituted at any time after such return unsatisfied.　*Owen* v. *Dupignac,* 9 Abb. Pr. 180.　Necessarily, therefore, both modes ,of aiding judgment creditors were only barred from being commenced, by the statute of limitations, at the end of the 20 years' life of a judgment,—then presumed to be paid, unless sued upon meanwhile.　*Driggs* v. *Williams,* 15 Abb. Pr. 477.　Under the new

Code Civil Procedure, § 2435, the judgment debtor's examination can be ordered only in case 10 years after return of an unsatisfied execution remain unexpired. In the present instance, more than 14 years have so elapsed. But by section 3352, Code Civil Proc., it is provided that nothing contained in that act (excepting chapter 4, which has no application to supplementary proceedings) should impair any "right" lawfully accrued previously, unless expressly so declared therein, which is not the case as to supplementary proceedings; and that the prior statutes upon the subject shall be deemed to remain in force, so far as necessary for enforcing or protecting such a right, notwithstanding the repeal thereof. A "right to" the remedy given by section 292 of the old Code of Procedure had, by the return of the execution unsatisfied in 1874, "accrued" at once; valid, as above shown, for 20 years after entry of the judgment. The judgment creditor had, therefore, in 1888 (within those 20 years) the right to institute these supplementary proceedings, upon proof showing alone the "prerequisites" of the preceding Code on this subject. *Bean* v. *Tonnelle*, 24 Hun, 353. The right to bring this remedy was expressly "saved" by said section 3352. That was the very purpose of such a saving clause declaring a non-repeal for certain purposes; for otherwise the "repeal" would have eliminated all right to the remedy, which is well settled law. The right referred to means any right given by the "remedial" statute,—provisions displaced by and removed from the statute-book, to make room for the Code of Civil Procedure. It can have no other signification, since other lawful rights did not "depend on" the said repealed provisions for vitality, and would exist without and apart from such a saving clause. But the mode of procedure after the "proceeding" is duly instituted must be according to the forms of the new Code. That is the plain intent, considering the whole enactment. It was not intended that the methods of "conducting" remedies of both the Code of Procedure and Code of Civil Procedure should co-exist after September 1, 1880, the date of the final taking effect of the new Code. The latter was to govern the conduct of the proceedings. *Wheaton* v. *Newcombe*, 11 Civ. Proc. R. 91, is simply a case of "unearned" costs, and not in point. See *Munson* v. *Curtis*, 6 N. Y. St. Rep. 189, where held, page 190, that a statutory right of review on appeal is a right "accrued," and hence saved by said section 3352. Motion denied, but without costs.