THE FIRST NATIONAL BANK OF CANANDAIGUA, N. Y., RESPONDENT, *v.* IRA E. MARTIN, APPELLANT.

49 571
7ap530
49 571
23ap347
49h 571
52ad602

*Proceedings supplementary to execution cannot be instituted until the remedy by execution is exhausted — no conveyance of the real estate of the debtor is necessary to vest title to it in the receiver — the debtor cannot be compelled by an order made in such proceeding to surrender immediate possession of his real estate to the receiver.*

Upon an appeal from an order, made in proceedings supplementary to execution, directing the conveyance and delivery of real property to a receiver of the defendant, it appeared that the defendant was the owner of a farm, consisting of 115 acres, in the town of Gorham, Ontario county, and also of a house and lot in the village of Canandaigua, in the same county; that on March 17, 1888, the farm was sold by a sheriff on two executions against the defendant, and was bid off by M. B. Munger, the president of the plaintiff, to whom a sheriff's certificate of sale was issued. On March 20, 1888, an execution was issued by the plaintiff to the sheriff of Ontario county upon a judgment against the defendant, recovered by it on November 19, 1887, which was returned unsatisfied. In proceedings supplementary to execution a receiver of the defendant's property was appointed and the order appealed from made.

*Held,* that no receiver should have been appointed, as it was the duty of the plaintiff to have caused the house and lot to be sold on execution, thus exhausting its remedy by execution before resorting to those proceedings.

That, upon the appointment of a receiver, the personal property, and also the real property within the State, of the judgment-debtor, vests in such receiver by operation of law, and that no conveyance was necessary.

That so much of the order as directed the defendant to surrender the immediate possession of his real estate to the receiver was unauthorized by any provision of the Code of Civil Procedure.

*Farnham* v. *Campbell* (10 Paige Ch., 598) distinguished.

That the power conferred upon the judge, by section 2447 of the Code of Civil Procedure, to order the delivery of property to the receiver, was limited to personal property of the judgment-debtor.

*Smith* v. *Tozer* (42 Hun, 22) followed.

APPEAL from two orders of the county judge of Ontario county, made in proceedings supplementary to an execution, one entered in the office of the clerk of Ontario county on April 16, 1888, directing the conveyance and delivery of real property to a receiver of the defendant, and the other entered in the said clerk's office on May 23, 1888, adjudging him in contempt for refusing to obey the first-mentioned order.

*Spencer Gooding,* for the appellant.

*J. Henry Metcalf,* for the respondent.

HAIGHT, J. :

The defendant was the owner of a farm, consisting of 115 acres, situate in the town of Gorham, Ontario county, N. Y., and also of a house and lot in the village of Canandaigua, in the same county. On the 17th day of March, 1888, the farm was sold by the sheriff of Ontario county on two executions, in favor of Lyman A. Brown against the defendant, and was bid off by M. B. Munger for the amount of the executions, with costs and expenses of sale, and the sheriff's certificate of sale was issued to Munger. Prior thereto, and on the 13th day of February, 1888, the defendant, at the suggestion and upon the advice of Munger, conveyed the farm by quit-claim deed to one Charles W. Curtiss for the purpose of securing him, as an indorser upon the promissory note of the defendant, and on the nineteenth day of March thereafter Curtiss and wife conveyed by quit-claim deed the farm to Munger, who was the plaintiff's president and managing officer. Upon the 19th day of November, 1887, the plaintiff obtained a judgment against the defendant for $131.90, damages and costs, and on the 20th day of March, 1888, an execution was issued thereon to the sheriff of Ontario county, which was returned unsatisfied. Thereafter an order was obtained from the county judge of Ontario county, in proceedings supplementary to execution, for the examination of the defendant, and such proceedings were had thereon that H. C. Bemen was subsequently appointed a receiver of the defendant's

property, and the defendant was directed to convey the farm, and house and lot, to such receiver, and to deliver up to him immediate possession thereof. The defendant having refused to execute such conveyance or to deliver possession the county judge made an order on the 23d day of May, 1888, adjudging him in contempt for disobeying the order directing him to make conveyance and to deliver up possession, and punished him for such contempt by imposing a fine and providing that he be imprisoned until he complied with the order. This appeal was taken from both of the last-named orders.

These orders, we think, ought not to stand. In the first place the proceedings instituted are supplementary to the execution, and are not intended to take the place of or to be a substitute for the execution. The judgment is a lien upon the house and lot in the village of Canandaigua which has not been sold. The plaintiff has the right to sell these premises upon the execution, and until it has exhausted its remedy by execution these proceedings are not available. If the plaintiff should be permitted to procure the appointment of a receiver, and thus vest the title of the real estate of the judgment-debtor in such receiver, it could be sold and the judgment-debtor deprived of the right of redemption which is given to him in case of a sale by execution. It was the duty, therefore, of the plaintiff to have caused the house and lot to be sold, on execution, thus exhausting its remedy by execution before resorting to these proceedings. This is not a case where the real estate is located in another State and cannot be reached by execution. (*The Albany City Nat. Bank* v. *Gaynor*, 67 How., 421; *Bunn* v. *Daly*, 24 Hun, 526.) But so much of the order as appoints a receiver is not appealed from, and, consequently, that portion of the order is not before us for review; only so much of the order as directed the defendant to make conveyance of his real estate and to deliver up possession thereof to the receiver is appealed from. After the remedy, by execution, is exhausted a receiver may be appointed, and when appointed the property, both real and personal, of the judgment-debtor is vested in him (Code of Civil Pro., § 2468.) It vests in him by operation of law and no conveyance is necessary (*Tinkey* v. *Langdon*, 13 N. Y. Weekly Dig., 384.) The receiver obtains such title as the statute gives him and he is entitled to no other. A judgment-debtor may be the owner of real estate outside

of the State, not subject to our statutes or the jurisdiction of our courts. In such cases the courts having jurisdiction of the person may compel conveyance, and thus vest the title in a receiver. But such interests in real estate as is within the State vests in the receiver without conveyance, and may be disposed of by him as such.

The order, as we have seen, also directs the defendant to surrender up immediate possession to the receiver of his real estate. Supplementary proceedings are special proceedings, and are to be strictly followed, and we are unable to find any authority in the Code authorizing this part of the order. Section 2447 provides that " where it appears from the examination or testimony taken in a special proceeding authorized by this article that the judgment-debtor has, in his possession or under his control, money or other *personal* property belonging to him. * * * the judge by whom the order or warrant was granted, or to whom it is returnable, may, in his discretion and upon such a notice given to such persons as he deems just, or without notice, make an order, directing the judgment-debtor * * * immediately to pay the money or to deliver the articles of personal property * * * to the receiver." Nothing, however, herein contained authorizes the judge to direct him to deliver up the possession of his real property. It will be observed that the direction is limited to money or other *personal* property, thus indicating that it was not the legislative intent to make these proceedings a substitute for the action of ejectment. This question was disposed of by this court in the case of *Smith* v. *Tozer* (42 Hun, 22), in which it was held that the power of the judge to order the delivery of property to the receiver under the Code of Civil Procedure was limited to the personal property of the judgment-debtor.

It was contended, on the part of the respondent, that as to the 115 acre farm the defendant was in possession, and that it had the right to recover such possession in order to obtain the rents, issues and profits that would accrue from it during the fifteen months after its sale on execution; and the case of *Farnham* v. *Campbell* (10 Paige Ch., 598) is relied upon as furnishing such authority. That case holds that a judgment-creditor, by filing a creditor's bill after the return of an execution unsatisfied, obtains a lien upon the rents and profits of the real estate of his judgment-debtor, which

accrued during the fifteen months allowed by law to redeem the premises from a sale by the sheriff upon execution, and that satisfaction of the judgment may be decreed out of such rents and profits. It is not necessary for us to here criticise, or even dissent, from this doctrine, although it has been questioned in the case of *Dow* v. *Platner* (16 N. Y., 562–565). If the farm was rented during the fifteen months allowed for redemption, it is quite possible that the receiver could reach such rents. If the crops were grown that were subject to levy by execution, it is possible that they could be levied upon and sold, but this is a special proceeding, and is not a creditor's bill prosecuted in a court of equity, and we do not understand that the judgment-debtor could, by an order of a judge in these proceedings, be ousted of possession. Section 1440 provides that the right and title of the judgment-debtor, sold by virtue of an execution, is not divested by the sale until the expiration of the period within which it could be redeemed, and section 1441 provides that the person entitled to the possession of real property, sold by virtue of an execution, *may*, during the period of redemption, use and enjoy the same. Without here considering the power of a court, there is no provision which authorizes an order for the delivery to a receiver of the possession of real property by an order of a judge in these proceedings. (*Smith* v. *Tozer, supra.*) As to the house and lot, it appears that it is occupied by a tenant. It does not appear that the defendant has the power to oust the tenant and surrender up possession, and he should not be ordered to do that which it is not in his power to do.

For these reasons the orders appealed from should be reversed, with ten dollars costs and disbursements.

BARKER, P. J., and BRADLEY, J., concurred; DWIGHT, J., concurred in result.

Orders reversed, with ten dollars costs and disbursements.