ELIZABETH H. BUTLER, APPELLANT, *v.* THE CITY OF OSWEGO AND ERASTUS P. BURT, RESPONDENTS.

*Statute of limitations — effectual only as a shield not as an aggressive weapon — how far a failure to give a notice to redeem from an assessment sale is affected thereby.*

In an action brought to set aside, as a cloud on the plaintiff's title, a tax-sale certificate issued by the defendant, the City of Oswego, to the defendant Burt on the 8th day of December, 1866, based upon an assessment upon the property in question to Charles H. Bonnell in 1865, the only material question was whether the plaintiff was entitled to any relief in this action, by reason of the failure of the

defendant Burt to give to the owner a notice to redeem under the requirements of the charter of the city of Oswego, which provided, that "at any time after twelve months after the sale of any parcel of lands for any tax or assessment, the purchaser, his representatives or assigns, shall give notice to the owner requiring him to redeem the premises in three months thereafter by making a payment" of the amount then due.

Upon the trial it appeared that twenty years and upwards had elapsed since the time at which such notice might have been given.

*Held,* that the statute of limitations was designed and could only be used as a shield, and never as an affirmative, aggressive weapon, and that equitable relief could not be based upon the presumption created by the statute.

*Morey* v. *Farmers' Loan and Trust Company* (14 N. Y., 302); *Lawrence* v. *Ball* (Id., 477); *Johnson* v. *Albany and Susquehanna Railway Company* (54 id., 416), followed.

That the principle was applicable to this case, as Burt had a claim in the nature of a lien apparently effectual till payment, and that, therefore, the plaintiff could not take advantage of any presumption of payment under the statute, as relief in equity must be based on actual payment.

That a claim, made on the part of the plaintiff, that she could stand upon the issue of adverse possession, under the principle laid down in *Baker* v. *Oakwood* (49 Hun, 416), was not maintainable, as the issue of adverse possession was not presented by the complaint and could not be tried in this action.

APPEAL by the plaintiff from a judgment recovered at a Special Term held in Oswego county, upon a trial by the court, which was entered in the office of the clerk of the county of Oswego on the 23d day of April, 1889.

The action was brought to set aside, as a cloud on the plaintiff's title, a tax-sale certificate, issued by the defendant, the City of Oswego, to the defendant Burt on the 8th of December, 1866, based upon an assessment to Charles H. Bonnell in 1865. In the complaint it is alleged that the assessment was void for the reason that the property was, at the time, unoccupied and belonged to a non-resident, but was assessed as resident property. Lapse of time was inferentially stated as another ground of nullity.

*W. W. Gardenier,* for the appellant.

*D. P. Morehouse* and *Thomas H. King,* for the respondents.

MERWIN, J.:

The only material questions to be considered in this case are, first, whether the trial court erred in refusing to find, as matter of fact, that Bonnell was a non-resident at the time of the assessment

in question; and, second, whether the plaintiff is entitled to any relief in this action by reason of the failure of the defendant Burt to give to the owner a notice to redeem, twenty years and upwards having elapsed since the time such notice might have been given.

*First.* The statute provided that the assessment-roll should be completed on or before the first day of July in each year. (Charter of Oswego, chap. 463 of the Laws of 1860, title 4, § 6.) The question then was whether, on July 1, 1865, Bonnell was a non-resident? The burden was on the plaintiff to show this. (*Tingue* v. *Village of Port Chester*, 101 N. Y., 294.) There is no evidence that at that date he did not reside in Oswego. A witness testifies that in November or December, 1865, he saw Bonnell at work on a derrick at Pithole, in the State of Pennsylvania. The witness also said he saw Bonnell at the gate of a house that Bonnell said was his house. Where his family, if any, were does not appear. On the 7th of October, 1867, Bonnell and wife, by attorney, executed to plaintiff a deed of the premises in question. In this deed Bonnell and wife are described as of Pithole, Pennsylvania. This is all the evidence on the subject of the non-residence of Bonnell in July, 1865. We think the trial court was justified in declining to find that Bonnell, at the time of the assessment, was non-resident. No other ground for attacking the assessment is presented by the evidence.

*Second.* By section 14 of title 5 of the charter referred to, it was provided that any owner of land sold for taxes might, at any time after the sale, redeem the same by paying to the purchaser, or to the city clerk for his benefit, the amount paid by him, with the addition of twenty per cent per annum on such amount, and any expenses incurred by him and allowed under the act; that "at any time after twelve months after the sale of any parcel of land for any tax or assessment, the purchaser, his representatives or assigns, shall give notice to the owner, requiring him to redeem the premises in three months thereafter by making the payment above required." The manner of service of this notice was then provided for, and in case the owner did not redeem within the time, his right of redemption was thenceforth divested.

In the present case no notice to redeem has ever been given, and no one has redeemed the premises. The plaintiff has been owner since 1867. In the spring of 1888 the defendant Burt informed the

plaintiff by letter that he held the certificate, and stated the amount necessary to be paid in order to redeem; and no evidence was given showing that plaintiff prior to that time had any information of such sale or tax. The claim of the plaintiff is that more than twenty years having elapsed since Burt could have given the notice and acquired absolute title, unless redemption was made, the statute of limitations applies as a bar to the right of Burt, and that, therefore, the certificate should be canceled or Burt be enjoined from enforcing it. Assuming that the statute applies to such a case, it is not made clear how upon that basis the plaintiff is here entitled to relief. It was long ago said in the Court of Appeals that the statute of limitations was designed and could only be used as a shield and never as an affirmative, aggressive weapon, and that equitable relief could not be based on a presumption of payment wrought out by the statute. (*Morey* v. *Farmers' Loan and Trust Co.*, 14 N. Y., 302; *Lawrence* v. *Ball*, id., 477.) The same rule was laid down in *Johnson* v. *Albany and Susquehanna Railroad Company* (54 N. Y., 416.) The same principle would apply here. Burt had a claim in the nature of a lien, apparently effectual till payment. The plaintiff in this action cannot take advantage of any presumption of payment under the statute. Relief in equity must be based on actual payment. But it is urged, on the part of plaintiff, that she can stand upon the idea of adverse possession under the principle laid down in *Baker* v. *Oakwood* (49 Hun, 416). As to that it is sufficient to say that the issue of adverse possession is not presented by the complaint and cannot be tried in this action.

It seems to us, therefore, without passing upon the effect of the lapse of time, that it cannot be used by the plaintiff as a basis for equitable relief. It follows that the complaint was properly dismissed, and the judgment should be affirmed, with costs.

HARDIN, P. J., concurred.

MARTIN, J. :

I concur in the result on the ground that the plaintiff's cause of action was founded solely on the alleged illegality of the proceeding, which resulted in the certificate sought to be set aside, and the evidence was insufficient to justify a recovery thereon.

Judgment affirmed with one bill of costs.