### WEBB et al. v. OSBORNE.

### SIMMONTON v. SAME.

*(Common Pleas of New York City and County, General Term.  December 2, 1889.)*

1. SUPPLEMENTARY PROCEEDINGS—EXTENSION OF RECEIVERSHIP—FILING ORDER.
    Under Code Civil Proc. N. Y. § 2468, providing that the title to the judgment debtor's property shall vest in the receiver, in supplementary proceedings, from the time of filing in the county clerk's office of an original order of appointment, or an order extending the receivership, the title to the judgment debtor's land vests in the receiver on his filing for record in the county clerk's office the order extending the receivership, though the original order of appointment was not so filed.

2. SAME—RECEIVER OF LAND—RIGHTS OF DEBTOR.
    Since the rule that a creditor should sell the judgment debtor's land on execution, and not seek to collect his judgment by means of supplementary proceedings, exists to save the judgment debtor's right of redemption, he cannot complain, where he has formally consented to an order extending the receivership to the land in question.

Appeal from special term.

Supplementary proceedings in actions by James Webb and another against Thomas Osborne, and by William J. Simmonton against the same defendant, in which proceedings Ezekiel Fixman had been appointed receiver of Osborne's property.  From an order vacating a previous order that the tenants of property formerly belonging to Osborne attorn to the receiver he appeals.  The appellant is a receiver, in supplementary proceedings, of the above-named Thomas Osborne.  He was originally appointed by order of this court made in the action first above entitled, and dated March 4, 1886.  This order was filed with the clerk of this court the same day.  On March 11, 1886, the appellant, as receiver, gave a receiver's bond, as required by law, which was duly approved by a judge of this court, and filed in the office of the clerk of this court.  Said order of March 4, 1886, was not filed in the office of the clerk of the city and county of New York until May 6, 1887.  On August 19, 1886, an order was duly made in supplementary proceedings founded upon the action second above entitled, extending the receivership of Mr. Fixman to said second action.  Said order of August 19, 1886, was granted upon the written consent of the attorneys for the defendant and judgment debtor, who appeared upon the application, and upon the same day was duly filed in the office of the clerk of this court, and upon the 3d day of March, 1887, was duly filed in the office of the clerk of the city and county of New York.  At the time of the granting of the original order in the first action appointing Mr. Fixman receiver, and at the time of the granting and filing in the office of the said county clerk of the order of August 19, 1886, in the second action, extending such receivership, the above-named Thomas Osborne was the owner of a piece of real estate known as the "Osborne Apartment House."  Between the date of the filing and recording in the county clerk's office of said order extending the receivership, and the date

of the filing and recording in said office of said original order appointing the receiver, to-wit, on or about April 20, 1887, said Thomas Osborne conveyed said real estate by deed to one John H. Taylor. On the 24th day of October, 1888, an order of this court was made and entered, entitled in both of said actions, directing "that each and every one of the tenants occupying apartments in the premises mentioned and described in the said petition, and known as the 'Osborne Apartment House,' * * * attorn to the said Ezekiel Fixman, as such receiver, and paid to him their rents for the apartments occupied by them, respectively, as and when the same become due and payable." Subsequently, and on or about the 22d day of November, 1888, by order duly made and entered in this action, and dated that day, the order last referred to was vacated; and from such last-named order, vacating said order of October 24, 1888, this appeal is taken.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*A. H. Stoiber* and *Nathaniel C. Moak*, for appellant. *William H. Hewson*, for respondent.

LARREMORE, C. J. I have stated above all the facts which seem to me to have any material bearing upon the present controversy. The respondent claims that, because the original order appointing the receiver was not filed in the county clerk's office until after the execution and delivery of the deed from the judgment debtor to John H. Taylor, the receivership of Mr. Fixman never applied to the real estate in question. But the order extending such receivership was duly filed in said county clerk's office before the making of said deed, and, under the circumstances of this case, I think such filing was sufficient for all purposes of vesting the receiver with the legal title to the Osborne apartment house. Section 2466 of the Code provides that, when a receiver has already been appointed, the judge, instead of appointing another receiver, must make an order extending the receivership. There is no doubt but that Mr. Fixman was legally appointed in the first suit. The original order appointing him was duly made, and, together with his bond, filed in the office of the clerk of this court. In my judgment, this constitutes a valid appointment, within the meaning of section 2466, regardless of the fact whether or not the receiver completely qualified in the first suit by filing such original order in the county clerk's office. The section then proceeds: "Such an order gives to the judgment creditor the same rights as if a receiver was then appointed upon his application." The following section directs that an order appointing the receiver or extending the receivership shall be filed in the county clerk's office. As far as the form of this language indicates anything, the intention would seem to be that an order of original appointment and one extending a receivership were of co-ordinate authority, and that the filing of either of such orders would accomplish the result of a legal qualification on the receiver's part. This theory of construction is strengthened by the similar language of section 2468, which provides that the title of the judgment debtor's property shall vest in the receiver from the time of the filing of an original order of appointment, or an order extending the receivership. There is no express language requiring the original order to be filed with the county clerk before the order extending the receivership shall become valid. On the contrary, the purpose appears, by clear implication, from all the sections referred to, to make the filing of such order of extension in all essential respects an equivalent to the filing of the original order, and not a mere concomitant thereof. My conclusion is that, under section 2468, the real property of the judgment debtor became vested in the receiver on the 3d day of March, 1887, when the order extending the receivership was filed in the county clerk's office, and that the subsequent deed by the judgment debtor conveyed nothing. It follows that the order directing the tenants to attorn and pay rent to the receiver was properly granted, under rule 78.

The point has been made on behalf of the appellant that the granting of such order was error, because, when a judgment debtor is seised of real estate, the proper course for the creditor to pursue is to issue execution against and sell the same, and not to seek to collect his judgment out of the rents through a receiver. The cases of *Bank* v. *Martin*, 2 N. Y. Supp. 315, and *Bunn* v. *Daly*, 24 Hun, 526, are cited in support of this contention. But in both of these cases the application before the court was to appoint a receiver, and not to extend aid to a receiver already appointed. The grounds for the principle laid down in such authorities are stated in *Bank* v. *Martin*, *supra*, as follows: "If the plaintiff should be permitted to procure the appointment of a receiver, and thus vest the title of the real estate of the judgment debtor in such receiver, it could be sold, and the judgment debtor deprived of the right of redemption which is given to him in case of a sale by execution. It was the duty, therefore, of the plaintiff to have caused the house and lot to be sold on execution, thus exhausting its remedy by execution before resorting to these proceedings." It thus appears that the reason for the rule that plaintiff shall exhaust his remedy by execution before proceeding against the property by means of a receiver is that, if the other course were adopted, a judgment debtor's right to a redemption might be taken away. Such rule, therefore, exists for the judgment debtor's benefit, and to protect his strictly legal rights. It can have no relevancy or force in the case at bar, because here it expressly appears that the order extending the receivership was formally consented to on the judgment debtor's part. The order appealed from should be reversed, with costs.