## BOLT v. HAUSER.

*(Erie County Court.   March 27, 1890.)*

1. LIMITATION OF ACTIONS—JUDGMENT—SUPPLEMENTARY PROCEEDINGS.

Supplementary proceedings on a judgment rendered by a justice of the peace are not an action within the meaning of Code Civil Proc. N. Y. § 382, subd. 7, which provides that an action on a judgment rendered in a court not of record must be commenced within six years after its rendition.

2. EXECUTION—SUPPLEMENTARY PROCEEDINGS.

As Code Civil Proc. N. Y. § 2435, which provides for supplementary proceedings "at any time within 10 years after the return * * * of an execution" unsatisfied, does not require these proceedings to be founded on a court of record judgment, supplementary proceedings on a judgment of a justice of the peace may be maintained at any time within 10 years.

3. SAME—ESTOPPEL.

A judgment debtor, who, with his attorney, was present when a receiver was appointed in supplementary proceedings, and who made no objections thereto, cannot, two years afterwards, when his wife has become involved in litigation with the receiver, be heard to say that at the time of their institution the proceedings were barred by the statute of limitations.

Action by Frank C. Bolt against John Hauser. Plaintiff had judgment, and on proceedings supplementary to execution Hanly C. Green was appointed receiver. Defendant now moves for the vacation of the order appointing said receiver.

*Fitch & Braunlein,* for plaintiff and receiver. *H. B. Van Peyma, (Geo. T. Quinby,* of counsel,) for defendant.

SEAVER, J. On March 31, 1880, the above-named plaintiff recovered a judgment in a justice court of the city of Buffalo against defendant, and a transcript was on the same day filed in Erie county clerk's office, and execution on same day issued to sheriff of Erie county. Said execution having been returned unsatisfied on April 6, 1887, proceedings supplementary were instituted, and such proceedings were thereupon had that on September 19, 1887, Hanly C. Green was duly appointed receiver of the property of the defendant. September 30, 1887, an action was commenced in superior court of Buffalo against Anna Hauser, the wife of the defendant, by said receiver, for the conversion of certain property of the defendant; which action was tried three times, the last one resulting in favor of the defendant, and an appeal is now pending at general term of the superior court of Buffalo. At the time of the appointment of said Green as receiver the defendant and his attorney were present, and made no objections; and said defendant was present at each of the trials in the superior court. A motion is now made by defendant for an order setting aside the order of September 17, 1887, appointing said Green receiver, upon the ground that, six years having elapsed from the recovery of said judgment before the commencement of said supplementary proceedings, the order was illegal. I cannot agree to this proposition. The statute of limitations (section 382, Code Civil Proc.) does not apply to proceedings commenced to enforce a justice's judgment by execution or supplementary proceedings, and only limits the commencement of an action upon justice judgments to within the period of six years. An effort made for the collection of a justice's judgment by the issuing of an execution, or the commencement of supplementary proceedings, cannot be termed an action upon a judgment.

It was provided by the Revised Statutes that a judgment rendered by a justice of the peace for $25, exclusive of costs, upon the filing and docketing of a transcript thereof in the Erie county clerk's office became a lien on the real estate of the "defendant within the county, in the same manner and with the like effect as if such judgment had been rendered in the court of common pleas," (2 Rev. St. pp. 247, 248, §§ 127, 128;) and, further, "that an action on a judgment rendered in any court not being a court of record should be commenced within six years," (Id. p. 295.) In *Waltermire* v. *Westover*, 14 N. Y. 16; it was held that the six-years limitation by said section did not destroy the statutory lien of a justice's judgment, and that the sale of real property on an execution issued more than seven years was valid and effectual to pass title to the purchaser. The court said: "It would be contrary, therefore, to all just rules of construction to extend its operation beyond the fair and reasonable interpretation of its language. The reasoning which has so fully established that statutes of this sort act upon the remedy only, and not upon the debt, equally proves that the operation of the statute in question here is confined to the particular remedy by action." By section 63 of the Code of Procedure it was provided that from the time of filing a transcript of such a judgment "the judgment shall be a judgment of the county court; * * * but no such judgment for a less sum than $25.00, exclusive of costs, hereafter docketed, shall be a lien upon, or enforced against, real property;" and, by section 90 thereof, that an action could be commenced "upon a judgment or decree of any court of the United States, or of any state or territory within the United States, * * * within twenty years," and that the same was a lien on real property for ten years. Section 282 of said Code. The six-years limitation of the Revised Statutes was thereby abrogated, and judgments of a justice of the peace were placed, so far as the remedy by way of its enforcement was concerned, upon the same footing as a judgment of a court of record. *Dieffenbach* v. *Roch*, 112 N. Y. 621, 20 N. E. Rep. 560. By the enactment of the present Code of Civil Procedure the law upon this subject was materially changed, but the provision of the statute above cited substan-

tially restored.  Section 3017 of said Code provides that on the filing of a transcript of a justice's court judgment, "the judgment is deemed a judgment of the county court of that county, and must be enforced accordingly. * * * The judgment is not a lien upon, and cannot be enforced against, real property, unless it is for $25.00 or more, exclusive of costs;" and by section 382, subd. 7, that an action upon a judgment rendered in a court not of record must be commenced within six years.

Supplementary proceedings cannot be termed an action upon a judgment. By section 3333 of the present Code an action is defined to be "an ordinary prosecution, in a court of justice, by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense;" and, by section 3334 thereof, that "every other prosecution by a party for either of the purposes specified in the last section is a special proceeding." By section 414 of the present Code it is provided that the word "action" is to be construed, when it is necessary to do so, as including a special proceeding; and by subdivision 1 of said section that it does not apply "where a different limitation is prescribed by law." By section 3017, upon filing and docketing of the transcript of a justice's judgment, it "is deemed a judgment of the county court, and must be enforced accordingly." By section 2435 it is provided that, "at any time within ten years after the return * * * of an execution, * * * the judgment creditor * * * is entitled to an order," etc.; and by section 2458 it is provided that, "in order to entitle a judgment creditor to maintain either of the special proceedings, * * * the judgment must have been rendered upon the judgment debtor's appearance * * * for a sum not less than twenty-five dollars," etc. It is nowhere provided that the judgment upon which these proceedings are founded must be a court of record judgment.

Under these provisions of the Code it seems to me that it was clearly intended that supplementary proceedings on a justice's judgment can be maintained at any time within ten years. In *Rose* v. *Henry*, 37 Hun, 397, the plaintiff obtained judgment in a justice's court against defendant in October, 1877, and filed transcript thereof March, 1885, and moved the county court for leave to issue an execution. The court said: "The statute [of limitations] operates only on the remedy by action. The judgment was neither extinguished nor dead. Even a civil action could have been maintained upon it if the statute of limitations had not been interposed as a defense. * * * The six-years statute of limitations can have no application," and cannot be invoked to defeat the statutory remedy by execution. Numerous cases have arisen where the judgment creditor, after the lapse of six years, applied for leave to issue execution on a justice's judgment, wherein it was held that the limitation of six years within which action must be brought did not affect the remedy by execution. *Herder* v. *Collyer*, 6 N. Y. Supp. 513; *Kincaid* v. *Richardson*, 25 Hun, 237, 9 Abb. N. C. 315; *Rose* v. *Henry*, 37 Hun, 397; *Olten* v. *Roebling*, 4 Month. Law Bul. 63. The defendant refers to the case of *Dieffenbach* v. *Roch*, 112 N. Y. 621, 20 N. E. Rep. 560. It has no bearing upon the question here involved. In that case the plaintiff endeavored to off-set a justice's judgment six years after its rendition against defendant's claim, and the court held it had not become a judgment of the county court by filing transcript, but remained a justice's judgment, and was barred under the six-years statute of limitations. In *Davidson* v. *Horn*, 47 Hun, 51, cited by defendant, the transcript had been filed and judgment docketed more than six years after the rendition of a justice court judgment, and the question arose upon a motion for the appointment of a receiver in supplementary proceedings. The court held that the statute of limitations was a vested right, and, as the same had run before the filing of the transcript, the defendant could not be divested of such a right, and that it could be asserted when the first opportunity presented, and that proceedings to enforce the judgment could not

be maintained. In this case the court did not consider the effect of sections 414 and 2435 of the Code of Civil Procedure, prescribing a different limitation, and it does not seem its attention was called to the same. Although this case is in conflict with *Rose* v. *Henry*, it is no more than of equal authority; but the latter, in my opinion, is more in bearing with the provisions of the Code upon the subject described, and should be followed. In *Herrman* v. *Stalp*, 6 N. Y. Supp. 514, the question involved was whether an execution could be issued on a judgment rendered in a district court of New York city after the lapse of six years. BOOKSTAVER, J., in delivering the opinion, in June, 1889, held that, the judgment being practically dead, no live execution could issue thereon. In this case, as in *Davidson* v. *Horn*, the learned justice did not consider the limitations provided by the sections above cited relative to these · proceedings. In April, 1889, just two months prior to the time of delivering said opinion, practically the same question was presented to him in *Herder* v. *Collyer*, 6 N. Y. Supp. 513, in which he held the reverse, upon the strength of *Waltermire* v. *Westover, supra*, notwithstanding the fact that the case of *Dieffenbach* v. *Roch* was practically called to his attention as an authority contrary to his then expressed opinion.

This proceeding is clearly not "an action upon a judgment," within the contemplation of section 382, and the motion to vacate the order must be denied. If the foregoing views are not correct, there is still another objection to the granting of the motion. The defendant made no objection prior to or at the time of the appointment of the receiver, and it seems to me it was too late to avail himself of said objection. *Williams* v. *Willis*, 15 Abb. Pr. (N. S.) 11; *Dezengremel* v. *Dezengremel*, 24 Hun, 457. The rule as laid down in regard to the statute of limitations is that it acts only as the remedy, that it does not impair the obligations of a contract or pay a debt, but that it is merely a statutory bar to a recovery. *Butler* v. *City of Oswego*, 8 N. Y. Supp. 114; *Brazill* v. *Isham*, 12 N. Y. 9; *Waltermire* v. *Westover*, 14 N. Y. 16; *Rose* v. *Henry*, 37 Hun, 397; *Driggs* v. *Williams*, 15 Abb. Pr. 477. Section 413 of the Code of Civil Procedure provides that "the objection that the action was not commenced within the time limited can be taken only by answer," and that in a special proceeding the said objection must be taken in said proceeding. Section 74, Code Proc. The courts have uniformly held in accordance with said sections. *Dezengremel* v. *Dezengremel*, 24 Hun, 457; *Butler* v. *Mason*, 16 How. Pr. 546; *Sands* v. *St. John*, 36 Barb. 628.

The plaintiff urged still another objection to the granting of said motion, which I think is also well taken. The defendant and his attorney were present at the time of the appointment of the receiver; and, not having objected, he is now precluded from raising the statutory provision in his behalf, and is presumed to have waived it. A party may waive by silence a statutory, or even a constitutional, provision in his behalf, and, having once waived the same, cannot afterwards insist upon it to the injury or detriment of another, relying upon such silence and waiver, where the said waiver does not involve considerations of public policy. *People* v. *City of Rochester*, 45 Hun, 102; *Embury* v. *Conner*, 3 N. Y. 511; *Baker* v. *Braman*, 6 Hill, 47; *Williams* v. *Potter*, 2 Barb. 316; *In re Cooper*, 93 N. Y. 507; *Cropsey* v. *Perry*, 23 Wkly. Dig. 162; *Webb* v. *Osborne*, 7 N. Y. Supp. 762. A waiver may be implied. *In re New York, W. S. & B. Ry. Co.*, 35 Hun, 575; *Howard* v. *Sexton*, 1 Denio, 440; *People* v. *Taylor*, 34 Barb. 481; *Cole* v. *Van Keuren*, 51 How. Pr. 451.

Upon the facts presented upon this motion, I think the doctrine above expressed is fittingly applicable. The defendant had ample time in which to raise said objections, but did not consider it advisable to do so until his wife became involved in litigation with the receiver appointed over two years ago.

The motion to vacate said order must be denied, with $10 costs.