### MILLS v. MUNGER et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. TRESPASS—EJECTING TENANT WITHOUT PROCESS—DAMAGES.
   Though defendant was entitled to the possession, as owner, of premises in plaintiff's possession, he is liable for all damages sustained in forcibly ejecting plaintiff and her effects.

2. SAME—EVIDENCE—REVIEW ON APPEAL.
   In an action for such damages, the evidence being conflicting, and the amount allowed by the jury being less than the amount plaintiff's evidence tended to show, the verdict will not be disturbed on the ground that the damages are excessive.

Appeal from circuit court, Ontario county.

Action by Margaret Mills, executrix of the will of Eliza Martin, deceased, against M. Dwight Munger and Albert H. Wheeler. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

John Gillette, for appellants.
Spencer Gooding, for respondent.

LEWIS, J. This action was brought to recover damages sustained by the plaintiff's testatrix for injuries to her person, by being forcibly ejected from a dwelling house and farm upon which the testatrix was at

the time residing, and also for injuries to her household furniture by its removal from her dwelling house, and its exposure to the elements. She also sought to recover the value of the crops growing upon the farm, which she claimed were converted by the defendants. After recovery of the verdict, Mrs. Martin died, and the plaintiff was substituted as plaintiff. Mrs. Martin was residing with her husband, Ira E. Martin, upon the farm. The appellant Munger was the owner of a judgment against Mr. Martin; and he instituted proceedings supplementary to execution upon the judgment, and procured the appointment of a receiver, and obtained an order from the county judge of Ontario county, in such proceedings, directing the said Ira E. Martin to deliver possession of the farm to said receiver. Martin had theretofore conveyed his title and all interest in the farm. At the time of the removal of Mrs. Martin, the title of the farm was held by the defendant Munger. The defendant Wheeler, as sheriff of the county, by virtue of the said order, forcibly removed Mrs. Martin, and a quantity of her furniture, from the premises. The defendant Munger assisted in such removal. The order under which the defendants assumed to act in removing Mrs. Martin and her furniture was held by this court to be void in the action of Bank v Martin, 49 Hun, 571, 2 N. Y. Supp. 315. The jury found a verdict for the plaintiff, against both defendants, for $835, and, under the instruction of the court, itemized their verdict. They found that the damage to plaintiff's personal effects by the removal was $218.40, and that the injuries to plaintiff's person were $125. They further found that the value of the interest of plaintiff in the crops was $491.60. By order of the trial court, and by the stipulation of the plaintiff's counsel, the item of $491.60, the value of the crops, was deducted from the verdict, and judgment was entered for damages, $343.40, being for the amount of the first two items.

While Munger had the right, as owner of the premises, to obtain, if he could, peaceable possession thereof, and would not be liable, in an action of trespass, for so doing, he had no right to forcibly eject the plaintiff or her furniture therefrom; and the defendants were liable, for so doing, for such damages as the testatrix sustained. The plaintiff's testimony tended to show that she was forcibly ejected from the house; that she was at the time in feeble health; that she was exposed to the elements, and caught cold, and was in consequence made sick. The testimony on the part of the plaintiff as to the damages to her household furniture was mainly given by herself. She testified that the furniture was taken out of the house, and roughly thrown upon the ground; that much of it was broken by the removal; that it was allowed to remain outdoors through the night; that it rained during the night; and that her bedding and furniture were wet and injured. She was permitted, without objection, to give her estimate of the extent of the damage to the furniture. Her testimony tended to show that the injuries to the furniture exceeded the amount the jury found as damages. Her testimony was corroborated by other witnesses. A large number of witnesses called by the defendants controverted the plaintiff's evidence as to her being forcibly ejected from the house, and as to the furniture

sustaining injuries.   The evidence presented questions of fact for the decision of the jury, and their verdict should not be disturbed on the ground that the damages were excessive.   It appears from the itemized verdict that no exemplary damages were allowed by the jury.   The direction of the court to the jury to itemize their verdict was proper, even if objected to; and, as no objection was made, it is too late now to raise the question.   The weight of the evidence tends to show that Mrs. Martin gave an exaggerated estimate of the damages to her furniture.   The jury so concluded, for the verdict was not for as large an amount of damages as her testimony tended to show she had sustained.   We find no reason justifying a reversal of the judgment and order appealed from.

Judgment and order appealed from affirmed.   All concur.