(25 Civ. Proc. R. 380.)

### MONOLITHIC DRAIN & CONDUIT CO. v. DEWSNAP.

(Supreme Court, Special Term, New York County. April, 1896.)

1. SUPPLEMENTARY PROCEEDINGS—PRIVATE SALE OF PERSONALTY.
   Personal property may be sold privately in supplementary proceedings, where more cash will be realized than at a public sale.

2. SAME—RIGHT TO SELL REAL ESTATE.
   A vested interest in real estate cannot be sold in supplementary proceedings, as it may be sold under execution.

Action by the Monolithic Drain & Conduit Company against Dewsnap. The receiver in supplementary proceedings on a judgment recovered against defendant moves for instructions, and for an order allowing him to sell certain property as belonging to the debtor. Denied.

Walter D. Edmonds, for the motion.

John W. Brainsby, opposed.

LAWRENCE, J. This is a motion made by a receiver appointed in supplementary proceedings for instructions, and for an order allowing him to sell personal and real property alleged to have been discovered in the course of said supplementary proceedings belonging to the judgment debtor. The personal property consists of a Royal bicycle and certain equipments connected therewith, and a gold watch which was owned by said judgment debtor on the 10th day of December, 1895. The receiver states that he is informed and believed that more cash will be received for the above articles if sold at private sale than if put up at public auction, with all the necessary incidental expenses of advertising, auctioneer's fees, etc. I see no objection to making the order in regard to the personal property. In respect to the real property alleged to have been discovered during the course of the supplementary proceedings, a more difficult question arises. An examination of the judgment debtor discloses that on the 10th day of December, 1895 (the date when the order for the examination was served), the defendant was interested in certain real property, under the sixth clause of the will of his father. The said will, in substance, provides that all the property of the testator is given to executors and trustees in trust, to hold the same for the benefit of the widow and children of the testator, and to pay over the income to them until the youngest shall die or arrive at the age of 25 years, and that, upon the happening of either event, the executors are directed to set apart sufficient of the residuary estate to produce to the widow an income of $5,000 per annum, and to divide the remainder of the said residuary estate among his surviving children or their issue, the income of two of such parts to be paid to his two daughters during their natural lives, and that such executors pay or transfer one of such parts to each of his three sons, among whom is the judgment debtor. The real estate thus referred to in the will of the testator's father is situated at numbers 1, 3, 5, and 7 William street, in the city of New York, and it appears that said property had not been sold at the time of the service of the order for the examination

of the judgment debtor. It is claimed by the receiver that it thus appears that the judgment debtor became entitled, on the death of his father, to a vested interest in the residuary estate, real and personal, taking effect in possession and enjoyment when the youngest child shall die or attain the age of 25 years; that no estate intervenes between the determination of the trust estate now existing and the vesting in possession of said estate or interest in the judgment debtor upon the death of the youngest child of the testator or his attaining the age of 25 years. It is claimed on the part of the judgment debtor that the real estate is held in trust for the benefit of the judgment debtor, the youngest child of the testator not having died nor having attained the age of 25 years; and that, therefore, under section 2463 of the Code of Civil Procedure, the court is not authorized to direct the sale of the judgment debtor's interest therein. It was long ago held that the interest of a beneficiary in a trust fund, created by a person other than the debtor, could not be reached in proceedings supplementary to execution, and that a bill by a receiver in supplementary proceedings in the nature of a creditors' bill to subject the surplus of such a trust fund could not be maintained. See Campbell v. Foster, 35 N. Y. 361; Levey v. Bull, 47 Hun, 350. It is also claimed by the judgment debtor that his interest is not vested, but is contingent upon his surviving his brother, or until he arrives at the age of 25 years. Conceding, however, that the title to the property is vested, then the judgment is a lien, and can be enforced by execution. It cannot therefore be reached in these proceedings, nor sold by a receiver in supplementary proceedings. In such a case it is the duty of the plaintiff in an action in which execution is issued to proceed to sell the real property, and thus exhaust his remedy before resorting to supplementary proceedings. Bank v. Martin, 49 Hun, 571, 2 N. Y. Supp. 315, and cases cited. See, also, Bunn v. Daily, 24 Hun, 526.

Draw an order in accordance with these views, and settle on one day's notice.