### ROURKE v. TURRELL.

(Supreme Court, Special Term, New York County. January 23, 1912.)

1. EXECUTION (§ 406*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—APPOINTMENT—AMENDMENT OF MOTION TO VACATE ORDER NUNC PRO TUNC.

Where a motion to vacate an order appointing a receiver in proceedings supplementary to execution contains technical defects or insufficiencies, it may be amended by affidavit supplied nunc pro tunc, in response to a direction by the court.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1162–1164; Dec. Dig. § 406.*]

2. EXECUTION (§ 409*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—ORDER OF APPOINTMENT—PROPRIETY.

Under Code Civ. Proc. § 2447, which merely authorizes a judge in supplementary proceedings to order the judgment debtor to pay money or deliver articles of personal property to the receiver, where it appears that he has such property in his possession, an order that the "judgment debtor execute, acknowledge, and deliver to such receiver a proper and valid conveyance and assignment of all his property and assets, wheresoever the same are situated," was improper, as by the statute the property of the judgment debtor vested in the receiver by operation of law.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

3. EXECUTION (§ 409*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—ORDER TO DELIVER PROPERTY—NECESSITY OF EXAMINATION AND REQUEST FOR ORDER.

No order in supplementary proceedings, directing the turning over of money and articles specified by the debtor, was warranted, where the examination required by the statute was not held, and no order to deliver was requested.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

Action by Joseph Rourke against Herbert Turrell. On motion to vacate an order appointing a receiver. Order modified, and motion denied.

Fitch, Mott & Grant (Roger Foster, of New York City, of counsel), for the motion.

Parsons, Closson & McIlvaine, of New York City, opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. [1] The judgment debtor has moved to vacate an order appointing a receiver. Such technical insufficiency as may exist in the moving papers I have directed at the hearing to be supplied nunc pro tunc. I have received the affidavits thereafter submitted on behalf of the judgment creditor for the purpose of curing any defects or insufficiency in the moving papers, so far as these supplementary affidavits refer to matters arising before the order was granted. So far as they refer to matters arising thereafter I have considered them only as answering affidavits. For both these purposes I consider them sufficient, and deny the motion to vacate, with $10 costs to the judgment debtor.

[2] The order, however, contains a provision that the judgment debtor "execute, acknowledge, and deliver·to such receiver a proper and valid assignment and conveyance of all his property and assets wheresoever the same are situate." This provision is not authorized by the Code. The provision contained in the old Code of Procedure, giving the judge power to order a general assignment of the debtor's property, is now repealed, and the power of a judge, as distinguished from the court, must now be sought for under section 2447 of the Code. Moyer v. Moyer, 7 App. Div. 523, 40 N. Y. Supp. 258. The property of the judgment debtor vests in him by operation of law, and no conveyance is necessary. "The receiver obtains such title as the statute gives him, and he is entitled to no other." First Nat. Bank of Canandaigua v. Martin, 49 Hun, 571, 2 N. Y. Supp. 315. Section 2447 merely authorizes the judge to order the judgment debtor to pay money or deliver articles of personal property to the receiver where it appears from an examination that the judgment debtor has such property in his possession.

[3] No such examination has been held, and no such order to deliver is asked for, and to this extent the order should therefore be vacated.

Denied, except as hereinafter set forth, with $10 costs to the moving party; the insufficiency in the original papers having been supplied by direction of the court. The order is, however, modified, by striking out the provisions that the judgment debtor "execute, acknowledge, and deliver to such receiver a proper and valid conveyance and assignment of all his property and assets wheresoever the same are situate."