THORNTON v. SMITH.

Opinion delivered January 4, 1909.

88    543
l88   542

1. PUBLIC LANDS—ISSUANCE OF DUPLICATE DEEDS.—Kirby's Digest, § 4732, providing that "in all cases where sufficient proof of the loss or destruction or erroneous issue of any deeds heretofore made to any lands belonging to the State, by any officer authorized so to do, when evidence exists in the Commissioner's office of the proper issue of such former deeds, it shall be the duty of the Commissioner to issue duplicates or make new deeds therefor, as the case may be," contemplates that the Commissioner of State Lands shall issue a duplicate deed of lands forfeited for taxes upon proper proof of loss of the original deed. (Page 547.)

2. SAME—DEED OF STATE LAND COMMISSIONER AS EVIDENCE.—A deed of the Commissioner of State Lands, conveying lands forfeited for taxes, authenticated by his official seal, is *prima facie* evidence of title, although it has not been recorded. (Page 547.)

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*John H. Crawford,* for appellant.

The alleged "duplicate deed" to Willis S. Smith, Jr., was improperly admitted. The Commissioner of State Lands being merely an agent of the State, all of his acts must be authorized by statute. There are but two statutes (Acts 1875, p. 91, and Acts 1885, p. 10), which authorize him to issue "duplicate deeds" or "new deeds" in cases where original deeds have been lost or destroyed, and neither of these mentions "forfeited tax lands." The "duplicate deed" was not admissible because it was never recorded, and its execution was not otherwise established. Kirby's Digest, § 756. The instrument shows on its face that it is not a copy, nor even substantially a copy, of the original, which is the meaning of "duplicate." Rapalje & Lawrence, Law Dict.; American Encyclopedic Dict.; 52 Ark. 454. It is not only not a duplicate, but it is a present grant as of the date of its issue to one who had long since died. There could be no delivery of such a deed, hence it is void. A deed to a fictitious or nonexistent person is a nullity. 25 Mo. 24; 69 Am. Dec. 446; 97 Tenn. 458; 39 L. R. A. 423; 7 Col. 256; 3 Pac. 225. See also 39 Pac. 130; 1 So. 860; 73 Am. Dec. 453; 53 Miss. 665; 6 Pet. 261.

*McMillan & McMillan,* for appellee.

At the time of the donation the law permitted each head of a family to take up a quarter section in the name of each minor child, which land was not transferable until the minor attained majority. Gantt's Digest, § § 3900, 3902. The Auditor's deed and the collector's receipt for tax paid upon land held under such donation was made evidence in all courts of a good title in the donee, that the land had been regularly forfeited, etc. *Id.*, § 3897. And the burden of proof is upon the party asserting the invalidity of the tax forfeiture. 76 Ark. 554; *Id.* 450; 69 Ark. 424; 36 Ark. 508. The original deed from the State to Smith having been lost, the Commissioner of State Lands had ample authority, upon proper proof of that fact, to issue a duplicate, or new deed. Kirby's Digest, § § 4732, 4898. See also Acts 1867, pp. 162-3; Acts 1868, pp. 61-72, and 105-6; Acts 1881, pp. 40-1; Kirby's Digest, § § 4733, 4712; 73 Ark. 608. Appellant's contention that the deed is not a "duplicate," etc., and that it is a grant *in praesenti* to one long since dead, is without merit. It is strictly in conformity to the statute. Moreover, the original deed when delivered, carried title to Smith, and its loss or destruction did not deprive him of title nor place it back in the State. The deed was properly admitted in evidence.

BATTLE, J. This suit was instituted by Eliza W. Smith against Charles S. Thornton and Justes Chancellor to redeem certain lands which were sold for taxes. The court, after hearing the evidence, found the facts as follows: "That James B. Smith received from the State a donation deed in 1873 for the land sought to be redeemed; that said land was forfeited and sold in 1894 for the taxes of 1893 to the Gurdon Lumber Company. That said land, not having been redeemed from said sale, was in 1896 conveyed to the Gurdon Lumber Company, a business name for the St. Louis Refrigerator & Wooden Gutter Company; that in 1902 the last-named company by its warranty deed conveyed said land to appellants. That at the time of said tax sale (in 1894) the said James B. Smith was an insane person, and continued so until his death in April, 1901. That he died intestate, leaving his mother, Eliza W. Smith, his sole heir. That those under whom the plaintiff claims title to said land paid the taxes thereon from and after said donation in 1873 to and including 1892. The court found that a duplicate deed was issued Decem-

ber 2, 1902. It recites "that whereas evidence exists in the office of the Commissioner of State Lands that on the 28th of October, 1873, James B. Smith received as a donation from the State of Arkansas the following described tract of land in the county of Clark which remained forfeited to the State for the nonpayment of the taxes for the years 1865,'66, and '67, viz: the southeast quarter of section three, in township eleven south, range nineteen west. * * * And, whereas, the affidavit of J. H. McMillan has been filed in this office showing that said deed had been lost or destroyed, and that said James B. Smith desires a duplicate deed in place of the original. Now, therefore, I, F. E. Conway, Commissioner of State Lands, * * * do hereby grant and convey to the said Jas. B. Smith, his heirs and assigns, all the right, title and interest of said State to said land, * * * and this deed is issued by me in lieu of the original, * * * shall be taken and considered as in lieu and cancellation of said original deed."

The court allowed the plaintiff to redeem the land, and the defendants appealed.

The defendants objected to the introduction of the "duplicate deed" as evidence at the time it was offered: "(1) Because said deed had not been recorded before it was offered in evidence, its execution not being otherwise proved. (2) Because the said deed was not in fact a duplicate deed, but was in fact a new deed in lieu of the old one, containing a present grant of the title to the land as of December 4, 1902, to James B. Smith, who was dead at that time." This is the only question in the case. The decision of it depends upon the statutes copied below.

Section 4729 of Kirby's Digest is as follows: "The said commissioner is authorized and impowered to execute under his hand and official seal a deed or deeds to purchasers, or their assigns, or legal representatives, of sixteenth section or school lands, upon presentation to such commissioner of proper evidence of full payment for the same in all cases where the sale of such land occurred prior to the passage of 'An act to provide for the sale of the sixteenth section in this State,' approved March 22, 1881."

Section 4730 is as follows: "The owner of any certificate of purchase for any swamp and overflowed, seminary, saline, internal improvement, Real Estate Bank, or State Bank lands, or

the assignee, or the party or parties in whom the legal title to such lands exists, may present such certificates and other evidences of the legal title to such lands to the Commissioner of State Lands, who, if he find that the sale of such lands was made in conformity to law and have been fully paid for, and that such evidence of assignment have been made in accordance with law, shall execute under his hand and official seal a deed or deeds, conveying all the right, title and interest of the State in and to such lands: provided, the deed of the State shall not be issued to any 'approved' swamp and overflowed lands until after the issuance of the patent by the United States to the State for such lands."

Section 4732 is as follows: "The certificates and evidences of assignment mentioned in section 4729, upon which deeds are so made, shall be filed in the Commissioner's office, and he shall keep a record of the deeds so made, from which he may issue duplicates upon sufficient proof of loss of, or errors in, such original deeds; and in all cases where sufficient proof is presented of the loss or destruction or erroneous issue of any deeds heretofore made to any lands belonging to the State, by any officer authorized so to do, when evidence exists in the Commissioner's office of the proper issuance of such former deeds, it shall be the duty of the Commissioner to issue duplicates or make new deeds therefor, as the case may be, referring therein to the deeds theretofore issued; and such duplicates or new deeds shall have the like force and effect as the original deeds."

Section 4897 of Kirby's Digest contains provisions similar to those contained in section 4730; and section 4898 contains provisions similar to those contained in 4732. But appellant says "forfeited tax lands" are not mentioned in any of these sections, and therefore sections 4732 and 4898 do not apply to such lands.

Section 4732 does not mention swamp and overflowed, seminary, saline, internal improvement, Real Estate Bank, or State Bank lands; yet they are mentioned in section 4730, a part of the same act. It is obvious they were in the minds of the General Assembly when section 4732 was enacted, and that it referred to lands other than sixteen section or school lands mentioned in section 4729 when it says: "And in all cases where sufficient proof of the loss or destruction or erroneous issue of any deeds

heretofore made to *any lands* belonging to the State, by any officer authorized so to do, when evidence exists in the Commissioner's office of the proper issue of such former deeds, it shall be the duty of the Commissioner to issue duplicates, or make new deeds therefor, as the case may be," etc. "Any lands" includes all lands of the State, and there is nothing in the section or any good reason to confine them (the words "any lands") to any particular lands; and hence the statute authorized the issue of the deed in question.

Appellant contends that the deed issued by the Commissioner of State Lands in lieu of the original deed that had been lost or destroyed was not a duplicate deed, but is a present grant, as of the date of its issue, to James B. Smith, who had been dead eighteen months at the time it was executed to him, and was, therefore, void. The statute, in case of the loss or destruction of a deed, authorizes the issue of a new deed. It is evident it means by a "new deed" a substitute for the lost deed which shall take the place of the original as evidence of title. The substitute could convey no title; that had been conveyed to James B. Smith in his lifetime, and it had descended upon his death to his heirs. The loss or destruction of the original deed did not divest title and vest it in the State. A duplicate or new deed could convey nothing, but would be only evidence that a former deed conveying title had been made; and this is the only purpose it can or was intended to subserve.

Appellant says that the so-called "duplicate deed" was never recorded, and its execution was not established by other evidence, and therefore was not competent evidence. But it was authenticated by the official seal of the Commissioner of State Lands, and this was sufficient to make it evidence of title. Sections 4712, 4733, 4807, 4820 of Kirby's Digest; *Scott* v. *Wills,* 49 Ark. 266.

The new deed was competent evidence.

Decree affirmed.