BILLERT *v.* PHILLIPS.

4-5526 130 S. W. 2d 715

Opinion delivered July 3, 1939.

J. F. *Quillin,* for appellant.

M. M. *Martin,* for appellee.

SMITH, J. This suit was filed under the authority of Act 119 of the Acts of 1935, page 318, to confirm the sale of certain lands to the State for the nonpayment of taxes due thereon for the year 1933. Before the rendition of the decree of confirmation T. A. Phillips filed an intervention, in which he alleged his ownership of an 80-acre tract of land involved in the suit and the invalidity of the tax sale, for the reason that the notice of sale was not published in the manner and for the time prescribed by law, and that the record of the lands returned delinquent did not carry the certificate of the clerk of the county court covering the publication of the advertisement. Phillips made the necessary tender to redeem.

Intervenor's ownership was admitted, and his allegations as to the invalidity of the sale were established. The testimony shows also that the notice of sale was published only one time in the Mena Weekly Star, and on the same date was published in the Mena Evening Star, one newspaper being a weekly, the other a daily. There was no other publication. That such publication was insufficient was expressly held in the case of *Edwards* v.

*Lodge,* 195 Ark. 470, 113 S. W. 2d 94, in which case, as in this, the lands involved were sold for the nonpayment of the 1933 taxes.

The recent case of *Hirsch and Schuman* v. *Dabbs and Mivelaz,* 197 Ark. 756, 126 S. W. 2d 116, arose out of a proceeding under act 119 of the Acts of 1935 to confirm a sale to the state for the nonpayment of the 1933 taxes. In that case a confirmation decree was rendered before the land owner intervened, but he did intervene within a year from the date of the confirmation decree. We there said that the land owner might intervene even after confirmation, but within one year of that date, who could show that he had no knowledge of the pendency of the confirmation suit and had a meritorious defense to the complaint upon which the decree was rendered, and that it was a meritorious defense to show that the sale was invalid for any reason.

We there also said that the legislation there reviewed, which is also reviewed in the briefs in the instant case, had not dispensed with the requirement that a permanent record be made and kept of lands returned delinquent, nor as to the time of making such record, that is, prior to the sale. The right of redemption was accorded in that case although the sale had been confirmed.

Here, the land owner intervened before the confirmation decree was rendered, and upon the showing that the sale for the 1933 taxes was invalid, for the reasons stated, he was accorded the right of redemption, and this appeal is from that decree.

The decree was correct, and it is, therefore, affirmed.