WEBB v. WILLIAMSON.

4-6414      152 S. W. 2d 312

Opinion delivered June 23, 1941.

*Frank C. Douglas,* for appellant.
*Roy E. Nelson,* for appellee.

MEHAFFY, J. This action was instituted by appellant claiming title to lot 11 of block 8, Chickasawba Addition to the city of Blytheville, Arkansas.

The appellee filed answer denying the allegations of the complaint, and claimed title to said lot 11 by purchase from the Commissioner of State Lands, and by a purchase from the receiver of Drainage District No. 17 on December 13, 1933.

The following stipulation was entered into by the parties as the evidence in the case: "This suit involves title and ownership of lot 11, block 8, Chickasawba Addition to Blytheville; and that both parties claim through the common source of Clyde and Mary Phillips Robinson.

"Appellee obtained judgment against Robinsons, had execution levied upon lots 11 and 12, block 8, Chickasawba Addition, on April 3, 1929; said Clyde and Mary Phillips Robinson claimed their homestead and the court allowed them lot 12 and the east 27½ feet of said lot 11. The west 22½ feet of this lot 11 was sold by the sheriff under the execution to appellee April 27, 1929, certificate of purchase was then issued, but sheriff's deed was not made until July 29, 1938. It is recorded at Blytheville on July 30, 1938, book 79, p. 463.

"Appellee also claims under state deed of June 4, 1930, for 1926 forfeiture. Because of various reasons, this sale and forfeiture to the state is void, but the appellee contends that appellant cannot now raise the question of void sale and forfeiture because of the provisions of § 8925 of Pope's Digest pleaded as a bar. On the other hand, appellant contends that by such deed appellee merely redeemed said lot from 1926 taxes, and that he gained no advantage by such deed to the part of the lot which he did not claim to own under the sheriff's sale.

"Said lot 11 became delinquent for 1926 drainage tax, and was sold to Drainage District No. 17 under decree of November 21, 1927, and deeded to the said district February 24, 1930. (Appellee secured a deed from this district May 15, 1931, but failed to record his deed.)

"Said lot 11 became delinquent for drainage assessment for 1932, and was again sold to the drainage district May 10, 1933, under decree of February 24, 1933. (No commissioner's deed was issued to the drainage district under this sale.) Appellee then secured a redemption deed from Drainage District No. 17, but his deed is not recorded.

" 'It is agreed that defendant (appellee) would testify that on February 19, 1932, he went to the circuit clerk's office to redeem said lot 11, block 8, Chickasawba Addition, and at that time paid $33.50 for 1930 tax, and later he received a refund of a dollar over-payment; that at the time he was in the clerk's office to redeem said lot, the 1927 and 1929 paving taxes were delinquent and listed in the same record only a few pages from where the 1930 delinquent list was recorded; that he asked the clerk to let him pay all the back taxes on said lot.'

"C. M. Buck, attorney for Paving District No. 1, if called would testify that since said district was organized it has never sold property returned delinquent and purchased by the district; that the deed to plaintiff (appellant) for 1927 and 1929 paving taxes he considers a redemption deed, and was made because Webb owned part of lot 11 and the district would not divide the tax on the lot; that had Williamson requested a deed to said lot it would have been given to him in the same manner.

"Appellant claims title to the east 27½ of lot 11, block 8, Chickasawba Addition, under deed from Clyde Robinson to Mary Phillips Robinson, dated January 20, 1927; and from Mrs. Robinson to appellant, dated April 20, 1936. Both deeds recorded.

"Appellant claims title to all this lot 11 under deed from St. Francis Levee District. (This claim is now omitted because the sale like the sale for general taxes was void.)

"Appellant also claims title to the entire lot 11 under quitclaim deed of March 12, 1940, from Paving District No. 1 and Curbing, Guttering and Storm Sewering District No. 1, under foreclosure sale for 1927 taxes.

"Agreed-that all records, deeds, tax receipts, etc., referred to may be considered as part of the record in submitting the case.

"Stipulated and agreed that at all times mentioned herein, said lot 11, block 8, Chickasawba Addition to Blytheville, has been a vacant lot, unfenced and unoccupied, until a few days prior to the bringing of this suit, when appellant took possession of said lot by building a wire fence around it and by having weeds and grass cut.

"Appellee has paid total of $392.23 in taxes on said lot.

"Appellant has paid total of $110.46 in taxes on said lot."

Several deeds were introduced, but it is not necessary to copy them in full.

Appellant contends first that the chancellor was in error in holding that the drainage district deed to appellee was a redemption of the west 22½ feet of lot 11, block 8, above mentioned, and at the same time a sale of the east 27½ feet, which he did not own.

It must be remembered that the appellee owned the 22½ feet, and that he did not own the 27½ feet when the lots were sold for taxes.

Section 13864 of Pope's Digest provides that any owner or his agent or any other person for the owner, etc., may redeem from tax sale. There is no provision for a stranger, or any person not having an interest in the land, to redeem. A similar provision is contained in the law providing for redemption from improvement district sale. No one but the appellee could have redeemed the 22½ feet, and appellee could not redeem the 27½ feet because he did not own it. Therefore, the sale to appellee was necessarily a redemption as to the 22½ feet, and a sale as to the 27½ feet.

Webster defines "redemption" as the "liberation or freeing of an estate from a mortgage; the purchase of the right to re-enter upon an estate on performance of the terms or conditions in which it was conveyed; the right of redeeming and re-entering into possession."

It was said in the case of *Murphy* v. *Casselman*, 24 N. D. 336, 139 N. W. 802: "In this case there was no assumption of a debt to the vendee, but a mere right to repurchase in the vendor, and, though the word 'redeem' has often been used in other senses, this is the general and primary use of the word. In speaking of the subject, the Supreme Court of Wisconsin, in *Lindsay* v. *Fay*, 28 Wis. 177, has said: 'Was such redemption an actual payment of the tax? It was said by the Chief Justice in *Woodbury* v. *Shackleford*, 19 Wis. 55, that "It is a settled principle in the construction of statutes of limitation that general words are to have a general operation, and, unless there can be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or retrenchment. No exceptions can be claimed by or in favor of particular persons or cases unless they are expressly mentioned." Applying these rules to this case, the conclusion seems inevitable that a redemption of the land is not a payment of the tax. To hold otherwise would be to restrain the operation of the statute by arbitrary addition, which the rule of law forbids. There seems to be a wide difference between the payment of the tax by the owner of the land and the redemption of the land by him after it has been sold for non-payment of the taxes assessed upon it. There is really no tax to be paid when the land is thus redeemed. That has been canceled by the sale. . . .' "

It, therefore, appears certain that as to the west 22½ feet of lot 11, it was redeemed by appellee. He was the owner, and had the right to redeem. He did not, however, have any right to redeem the east 27½ feet, but he did have a right to purchase it, which he did. It is true, the deed shows a redemption, and it was a redemption of a portion of the land, and necessarily a sale as to that portion that appellee did not own. *Page* v. *Mc-Cuing*, 201 Ark. 890, 148 S. W. 2d 308.

It is next argued by appellant that she acquired title to lot 11, block 8, as follows: to the east 27½ feet by deed from Mary Phillips Robinson, and to the whole lot by deed from Paving District No. 1, and Curbing, Guttering and Storm Sewering District No. 1. Appellant argues

that this purchase from the Paving and Curbing District was a purchase, and not a redemption, because she says it was headed a "Quit-Claim Deed." Of course it makes no difference how the deed was headed or what it said —as to the property she owned, it was a redemption.

It is said by appellant that appellee failed to take possession of the property and failed to record his deed, and that appellant claimed possession by fencing the lot and clearing it of weeds a few days before suit was filed.

The court entered a decree in favor of appellee finding and holding that according to the stipulation appellee purchased at execution sale, the west 22½ feet of said lot, and has since said date paid taxes thereon except certain taxes owed to Paving District mentioned in the stipulation; that the appellee undertook to pay these taxes, but by error of the clerk the taxes of certain years were omitted, and the appellee, believing that he had paid all the paving taxes, was mislead. This finding of the chancellor is supported by the evidence.

The court also found that the sale by the Paving District to appellant conveys no title for the above reason, and also for the reason that there never was a deed executed as required by law, and no record exists as to confirmation. The deed of Drainage District No. 17, dated December 12, 1933, to appellee, Williamson, was not only redemption for taxes owing on that part of the lot belonging to appellee, but was also a purchase of the remainder.

While the appellant claims that appellee's purchase was a redemption and not a purchase, because of the statements in the deed, the entire deed is to be considered in determining its meaning, and the granting clause in the deed is as follows:

"Does hereby grant, sell, and quitclaim, unto the said J. J. Williamson, and unto his heirs and assigns, all rights, title, interest, and claim of the said Drainage District number seventeen of Mississippi county, Arkansas, by reason of the sale of said lands for the taxes for

the years 1926 to 1930, inclusive, and in and to the following property, to-wit:

" 'Lot 11, block 8, Chickasawba Addition to the city of Blytheville, Arkansas, (and other lands).' "

We must also consider the fact that appellee did not own the east 27½ feet and, therefore, had no right to redeem this part of the lot.

The findings of fact by the chancellor are supported by substantial evidence, and the decree is affirmed.