WILSON *v.* FRAPS.

4-6768                                    162 S. W. 2d 561

Opinion delivered June 8, 1942.

*R. C. Waldron, W. A. Jackson* and *W. E. Beloate,* for appellant.

*Lamb & Barrett, E. H. Tharp* and *A. U. Tadlock,* for appellee.

SMITH, J.   A suit was filed on behalf of the state, under the authority of act 119 of the acts of 1935, to confirm the forfeiture and sale of the east half of the northeast quarter of section 16, township 15 north, range 2 east, with other lands, for the nonpayment of the general taxes due thereon for the year 1936.

Under the authority of § 6 of this act 119 an intervention was filed, which alleged the invalidity of the tax sale for numerous reasons, and prayed the right to redeem. It was also prayed that Sylvester Wilson be made a party defendant, and that intervener's title be quieted as against Wilson. Accompanying the intervention was an affidavit of tender made to Wilson, which the intervention renewed and continued, covering the cost to Wilson of a deed from the State Land Commissioner, and also a deed from the Cache River Drainage District to Wilson, and taxes subsequently paid by Wilson.

The deed from the State Land Commissioner recites that it is based upon a sale to the state for the 1936 taxes. It does not appear to be questioned that this sale was invalid for any one of several reasons alleged, and no at-

tempt is made to uphold its validity, but, in any event, its invalidity is clearly shown.

The court found that neither of the deeds to Wilson operated to convey the title; and we concur in that holding. As has been said, the deed from the State Land Commissioner was invalid because the tax sale on which it was based was not in conformity with the law; and the deed from the drainage district is ineffective to convey title for the reason that the district did not own the land when the deed was made.

The land was sold to the drainage district under a foreclosure decree rendered May 25, 1933, which was later confirmed, and the district, in 1936, conveyed the land to the Pierce-Williams Company; and by *mesne* conveyances this title was acquired by intervener Fraps. The drainage taxes were not thereafter paid; but there was no foreclosure of the lien for these delinquent taxes. Five days after Wilson had purchased the land from the state, he obtained a deed from the drainage district which recites, as a consideration therefor, the payment of the delinquent taxes. This deed did not convey title; it only effected a redemption. *Webb* v. *Williamson,* 202 Ark. 763, 152 S. W. 2d 312; *Mivelaz* v. *Bonner,* 200 Ark. 1189, 141 S. W. 2d 22; *Person* v. *Miller Levee District No. 2,* 202 Ark. 173, 150 S. W. 2d 950.

It is insisted that Fraps is in no position to raise these questions, for the reason that he was not the owner of the land. But the record shows that he had not merely color of title, but is the owner of the record title. The Lesser-Goldman Company had been the owner of the original title. After the drainage district acquired the title under the foreclosure decree of 1933, the district conveyed the land, October 1, 1936, to the Pierce-Williams Company. Recitals in subsequent deeds show that this deed should have been made to J. Paul Smith, the manager of the Pierce-Williams Company. On October 19, 1936, the Lesser-Goldman Company conveyed to J. Paul Smith, who, on February 8, 1937, conveyed to Fraps, and a deed was executed on the same date by the Pierce-Williams Company to Fraps. Since the date last-men-

tioned Fraps has been in possession through a tenant, who has a lease from Fraps with an option to purchase. This tenant also intervened, as did certain other persons, whose rights were adjudged, and that adjudication is not questioned and need not be recited.

Three of the deeds just mentioned were lost before they had been placed of record. But there was executed and recorded a deed from the drainage district to the Pierce-Williams Company, dated April 21, 1941, which recites that it was executed in lieu of a similar deed to the same grantee on October 1, 1936, which was lost and not recorded.

On April 5, 1941, the Pierce-Williams Company executed a deed to Fraps, which recites that it was executed in lieu of a similar deed to the same grantee dated February 8, 1937, which was lost without having been recorded.

On March 10, 1941, the Lesser-Goldman Company executed a deed to J. Paul Smith, which recites that the grantor had, under date of October 19, 1936, conveyed the same land to J. Paul Smith, which deed had been lost without having been recorded.

These substituted deeds did not convey title, but evidenced the execution of deeds which had previously conveyed it. It was said in the case of *Thornton* v. *Smith,* 88 Ark. 543, 115 S. W. 677, that "A duplicate or new deed could convey nothing, but would be only evidence that a former deed conveying title had been made; and this is the only purpose it can or was intended to subserve."

These conveyances show sufficient title in Fraps to entitle him to redeem the land from the sale to the state, it having been many times held by this court that almost any right, either in law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or encumbrance upon the land, amounts to such an ownership as will enable the party holding it to redeem from a tax sale.

In the case of *Billert* v. *Phillips,* 198 Ark. 698, 130 S. W. 2d 715, we construed § 6 of act 119 of the acts of

1935, under the authority of which the confirmation proceeding was instituted, in which the intervention was filed. It was there held that a showing that the tax sale sought to be confirmed was invalid for any reason was a meritorious defense to the confirmation suit, and that upon establishing this meritorious defense the land owner should be permitted to redeem upon the conditions there provided. Fraps met these conditions by tendering, as the court found, a larger sum than the law required to effect a redemption, and upon this finding, together with the finding that the tax sale of 1936 sought to be confirmed was invalid, and that the deed from the drainage district to Wilson was a mere redemption, canceled those deeds as clouds upon Fraps' title.

For the reasons stated this decree is correct and will be affirmed.

Certain collateral matters were adjudicated, which are not questioned, and will not, therefore, be recited or discussed.

Decree affirmed.